UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

In re:

STEVEN M. LEONI,

    Debtor.
_____/

Case No. 20-40157-KKS

Chapter 11

**BBX CAPITAL'S REPLY TO DEBTOR-IN-POSSESSION'S OBJECTION TO MOTION TO EXTEND TIME TO OBJECT TO DEBTOR'S DISCHARGE OR TO CHALLENGE WHETHER CERTAIN DEBTS ARE DISCHARGEABLE**

BBX Capital Asset Management, LLC ("BBX Capital"), by and through undersigned counsel, files this *Reply* (the "Reply") *to Debtor-In-Possession's Objection To Motion to Extend Time to Object to Debtor's Discharge or to Challenge Whether Certain Debts Are Dischargeable* (the "Objection") [ECF No. 88], and in support states as follows:

1. On June 29, 2020, BBX Capital filed its Motion to Extend Time to Object to Dischargebility under 11 U.S.C. Sect. 523 and/or Object to Debtor's Discharge (the "BBX Motion") [ECF No. 80]. On July 13, 2020, the Debtor filed the Objection.

2. On a motion of any party in interest, and after hearing on notice, "the court may for cause extend the time to file a complaint objecting to discharge." Fed. R. Bankr.P. 4004(b).

3. In evaluating whether "cause" exists for an extension of time under Bankruptcy Rule 4007(c), courts have weighed as many as seven potentially relevant factors. Some courts have grouped together the following five factors: 1) whether debtor refused in bad faith to cooperate with creditor; 2) whether creditor had sufficient notice of the deadline and the information to file an objection; 3) the possibility that the proceedings pending in another forum will result in collateral estoppel on the relevant issues; 4) whether creditor exercised diligence;

and 5) the complexity of the case. *E.g., In re Ballas*, 342 B.R. 853, 856 (Bankr. M.D. Fla. 2005), *aff'd*, 212 Fed. Appx. 867 (11th Cir. 2006).

4. Debtor claims that in the BBX Motion, BBX Capital failed to show cause or provide reasonable explanation for the need to extend the deadline to file a complaint and cites two cases in support of his position, both of which are distinguishable from the case at hand.

5. Notably, "'[c]ause' is not defined in the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure; therefore, the determination is committed to the Court's discretion." *In re Ballas,* 342 B.R. 853, 856 (Bankr.M.D.Fla.2005) (Citations omitted).

6. "[C]ourts seem unified in the view that the term 'for cause' should receive a liberal construction." *In re James*, 187 B.R. 395, 397 (Bankr. N.D. Ga. 1995). A creditor, however, "must exhibit some **minimum degree of due diligence** prior to seeking an extension." *Id.* (emphasis added). "The presence of complex issues or numerous parties will also justify an extension of time." *Id.* at 398 (Citations omitted).

7. In the instant case, although a Motion for Rule 2004 Examination of the Debtor has not been filed, BBX Capital has participated in diligent discovery regardless of the limitations that have been created due to COVID-19[1].

8. In *In re Tumbleson*, 596 B.R. 913 (Bankr. N.D. Fla. 2018), a case cited by Debtor in his Objection, the court found that the creditor failed to exercise sufficient diligence in order to be entitled to its extension requests because it only attended the § 341 meeting and exchanged correspondence with Debtors' counsel as follow up to the questions asked.

9. In contrast, however, as documented below, BBX Capital has exercised sufficient diligence entitling it to an extension because it not only attended the § 341 meeting, but also has also engaged in extensive discovery efforts in order to gain the necessary knowledge to file a

---

[1] See paragraph 10 *infra.*

claim under § 523 and/or § 727 of the Bankruptcy Code. *Cf. In re Woods*, 260 B.R. 41 (Bankr.N.D.Fla.2001) (denying motion for extension of time and holding that creditor's conduct evidenced lack of diligence where creditor failed to attend the 341 meeting, delayed in requesting data to evaluate the case and failed to adequately follow the case).

10. Specifically, the ongoing extensive discovery in this case initiated by BBX Capital consists of the following actions:

   a. On May 14, 2020, the parties agreed to revisit the scope of permissible discovery until after the Judge made a ruling at the May 21, 2020 hearing on BBX Capital's Motion for Authorization to File a Proposed Complaint for Fraudulent Transfer Against Non-Debtor Christine Leoni.

   b. On May 28, 2020, the parties reach an agreement on the scope of permissible discovery in light of the Court's rulings at the May 21, 2020 hearing. The Debtor requested from BBX Capital all loan files from January 31, 2008 through the Petition Date for any and all loans between BankAtlantic, BBX and or Florida Asset Recovery Group (collectively "BBX") and any borrower, wherein the Debtor was a Guarantor, including without limitation- Ulofts Lubbock, LLC, Baldwin Park, LLC, Villa Lucia, LLC, Oak Station, LLC, Portofino Villas, LLC (collectively the "Borrowers"), along with various emails and electronic communications.

   c. On June 1, 2020, BBX Capital requested from the Debtor copies of the Steven Leoni Living Trust agreement and all amendments thereto; copies of Leoni Holdings LLLP's tax returns from 2008 to the present, as well as its K-1's; and for each company identified in the proposed complaint, copies of their tax returns and K-1's from 2008 to the present, as well as all operating agreements or shareholder agreements, as applicable.

   d. On June 5, 2020, BBX Capital requested copies of the Steven Leoni's personal financial statements submitted to any lender from 2008 to the present.

   e. On June 8, 2020, BBX Capital requested copies of all tax returns, K-1's, operating agreements and shareholder agreements (as applicable), as well as documents related to Leoni's transfer of his ownership interest in Westwood Plaza, Villa Reanna, and Timber Ridge, including the consideration received for each transfer. Counsel for BBX Capital also proposed a deadline of June 22, 2020 to receive the documents it requested on June 1, 5 and 8, 2020.

f. On June 18, 2020, BBX Capital advises counsel for the Debtor that three banker boxes of documents, which the Debtor requested on May 28, 2020, are available for inspection.

g. On June 18, 2020, counsel for Debtor requests an extension through **July 13, 2020** to provide to BBX Capital the requested documents.

h. On June 22, 2020, the Debtor produced tax returns for Leoni Holdings, LLLP and the Steven Leoni Living Trust agreement, as amended and restated as of August 19, 2019, but not the tax returns for all the requested tax years, nor any tax returns for any of the other entities referenced in the proposed compliant. Further, the trust documents did not include any of the prior amendments.

i. On June 29, 2020, BBX Capital took a witness statement under oath of the Debtor's former partner, Dean Minardi. He stated, under oath, that Leoni concocted a plan to protect his assets from creditors by shifting all his assets to his wife's name, and that Leoni's employee, Jennifer Pearce, attended loan closings and forged his wife's signature at the closings. This witness statement took over two weeks to coordinate since the witness is located in Tallahassee.

j. On June 29, 2020, BBX Capital filed its Motion to Extend Time to Object to Debtor's Discharge or To Challenge Whether Certain Debts Are Dischargeable.

k. On July 7, 2020, counsel for Leoni Holdings and Timber Ridge Townhomes produced all the requested tax returns and assignment documents for these entities.

l. On July 13, 2020, counsel for the Debtor produced all the requested tax returns and assignment documents for Villages San Marco, LLC, Village Lucia, LLC, as well as the Debtor's personal financial statements and the remaining trust documents. Additionally, counsel for Village Reanna, Inc. produced all its tax returns. **The assignment documents concerning Villa Lucia, LLC confirm that the Debtor made misrepresentations to BankAtlantic on February 27, 2008, June 30, 2008 and December 1, 2009 personal financial statements that he submitted to the bank by failing to disclose that the transferred his interest and by misrepresenting to the bank that he still held his interest in the company in his own name.**

m. On July 14, 2020, BBX requested: (1) 2016 and 2017 tax returns, 2016 and 2017 K-1's, 2016-2017 general ledgers, 2016-2017 income statements, 2016-2017 balance sheets, 2016-2017 statements of cash flow, 2016-2017 rent rolls, the operating agreements, all management agreements which were in effect at any time between 2016-2017, and all lease agreements which were in effect at any time between 2016-2017, for each business entity in which Leoni

        Holdings, LLLP had an ownership interest as of 1/1/17, including but not limited to: Villa San Marco, LLC, Villa Cristina, LLC, Westwood Plaza, LLC, University Lofts, LLC, Eagle Aircraft Group, LLC, Villa Lucia, LLC, Jakes Place of Tallahassee, LLC, Student Housing Partners, LLC, Student Housing Rentals, LLC, Student Housing 104, LLC, 2008 West Pensacola, LLC and 759 Apartments, LLC; (2) Leoni Holdings, LLLP's account statements as of January 1, 2017, including its account statements for Morgan Stanley; (3) All appraisals for any real property owned by the entities referenced in no. 1 above, from 2015 to the present; (4) Reference is made to the 2017 federal tax return for Leoni Holdings, LLLP. Form 1065, Schedule L, Line 20 – Other Liabilities lists $8,674,180 as of January 1, 2017. According to Statement 20 attached thereto, these other liabilities include $8,619,610 (Investments in Partnerships) and $47,838 (Due to SHS Management). Produce all documents that were used or could have been used in calculating these amounts and in categorizing these amounts as liabilities of Leoni Holdings, LLLP; (5) The contract(s) for the purchase of property by Haven Campus Communities – FSU, L.L.C. from SHR Housing, LLC f/k/a Student Housing Rentals, LLC and Student Housing 104, LLC (the closing(s) took place on or about May 31, 2019); and (6) the attached assignments in native electric format and/or the metadata for the attached assignments.

    **n.** On July 16, 2020, counsel for Village Reanna, Inc. produced the requested assignment documents related to the Debtor's interest in Village Reanna, Inc. **These assignment documents confirm that the Debtor made misrepresentations to BankAtlantic on February 27, 2008, June 30, 2008 and December 1, 2009 personal financial statements that he submitted to the bank by failing to disclose that the transferred his interest and by misrepresenting to the bank that he still held his interest in the company in his own name.**

    o. As of the noon on July 21, 2020, counsel for Christine Leoni, who also represents Westwood Plaza, LLC, has not yet produced the requested tax returns or assignment agreements.

    11.    As illustrated in the list above, BBX Capital has exercised an appropriate level of diligence with respect to its investigation of the Debtor given the time that was available to conduct discovery prior to the deadline. Nonetheless, there was no possibility that BBX Capital could gain sufficient facts which would allow it to meet the deadline set by this Court for filing the complaint due to the condemning issues and the complexity of the case.

12. Given the number of co-debtors involved, with BBX Capital having to engage in discovery efforts in the midst of a pandemic, and that this case involves an individual Chapter 11 where there are allegations of fraudulent transfers by the Debtor, BBX Capital is in need of more time to conduct discovery to support its claim under both § 523 and § 727 of the Bankruptcy Code.

13. Additionally, in *Tumbleson* and *In re Watson*, No. 13-30420-KKS, 2014 WL 10879203, at *4 (Bankr. N.D. Fla. May 21, 2014)—another case cited by the Debtor in his Objection—the courts found that the creditors already had sufficient knowledge of a potential claim under § 523 well before the debtors filed bankruptcy.

14. Here, BBX Capital does not currently have sufficient facts in order to file a complaint under § 523 of the Bankruptcy Code as a result of the surreptitious and fraudulent activity on the part of the Debtor, but is working to obtain such facts and should be given the opportunity to conduct further discovery that will surely give rise to facts in order to enable it such a complaint.

15. Further, the Debtor filed his Chapter 11 case on April 3, 2020, which happened to be when most businesses and law firms were beginning to work remotely and were adjusting to the limitations that come with doing so. Therefore, the Debtor's argument regarding the sophistication of BBX Capital and the law firm representing it falls short as the current state of the country is unprecedented.

16. In the instant case, BBX Capital is conducting discovery in order to demonstrate that Debtor lacked good faith and has approached this Court with the lack of an honorable purpose. Therefore, any additional extension would not prejudice the Debtor. It appears that the Debtor's motive in objecting to BBX Capital's requested extension of time is to forestall and

preclude the discovery of the true facts supporting the Debtor's pre-petition fraudulent and improper activities so as to be able to preclude BBX Capital from pursuing its appropriate remedies.

WHEREFORE, BBX Capital Asset Management, LLC respectfully request that this Court enter an order (i) granting its Motion To Extend Time To Object To Debtor's Discharge Or To Challenge Whether Certain Debts Are Dischargeable; (ii) extending the deadline for BBX Capital to object to the Debtor's discharge and/or to challenge whether certain debts are dischargeable through and including September 28, 2020; and (iii) granting such further and other relief as this Court deems just and proper.

**Dated this 21st day of July, 2020.**                     **Respectfully submitted,**

> TRIPP SCOTT, P.A.
> *Counsel for BBX Capital*
> 110 Southeast 6th Street, 15th Floor
> Fort Lauderdale, Florida 33301
> Tel:  (954) 525-7500
> Fax: (954) 761-8475
>
> By:   /s/*Charles M. Tatelbaum*
>       CHARLES M. TATELBAUM
>       *Florida Bar No. 177540*
>       cmt@trippscott.com
>       hbb@trippscott.com
>       eservice@trippscott.com
>       JERRY D. TAMAYO
>       *Florida Bar No. 28532*
>       jdt@trippscott.com
>       hbb@trippscott.com
>       eservice@trippscott.com
>       CHRISTINA V. PARADOWSKI
>       *Florida Bar No. 0056708*
>       cvp@trippscott.com
>       hbb@trippscott.com
>       eservice@trippscott.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing has been served to all those listed below via CM/ECF and to all those on the Matrix via U.S. Mail this 21st day of June, 2020

By: /s/ *Charles M. Tatelbaum*


## ELECTRONIC MAILING LIST

**20-40157-KKS Notice will be electronically mailed to:**

Keith L. Bell, Jr. on behalf of Creditor Centennial Bank
kbell@clarkpartington.com,
egordon@clarkpartington.com;hrice@clarkpartington.com;ldunlap@clarkpartington.com

Robert C. Bruner on behalf of Debtor Steven M Leoni
rbruner@brunerwright.com,
melanie@brunerwright.com;twright@brunerwright.com;reception@brunerwright.com

Jason B. Burnett on behalf of Interested Party Christine S Leoni
jason.burnett@gray-robinson.com, ken.jacobs@gray-robinson.com;kim.miller@gray-robinson.com

Sherry F. Chancellor on behalf of Creditor The Bankruptcy Estate of James Rudnick
sherry.chancellor@yahoo.com, dandwh@aol.com

Charles F. Edwards on behalf of U.S. Trustee United States Trustee
charles.edwards@usdoj.gov

Travis Michael Morock on behalf of Creditor Beach Community Bank
morock@carverdarden.com, juszczyk@carverdarden.com

Edward J. Peterson, III on behalf of Interested Party James Rudnick
epeterson.ecf@srbp.com, epeterson@srbp.com

Brian G. Rich on behalf of Creditor Berger Singerman LLP
brich@bergersingerman.com,
efile@bergersingerman.com;rperez@bergersingerman.com;efile@ecf.inforuptcy.com

Robert Sterling Rushing on behalf of Creditor Beach Community Bank
rushing@carverdarden.com, juszczyk@carverdarden.com

United States Trustee
USTPRegion21.TL.ECF@usdoj.gov

Byron Wright, III on behalf of Debtor Steven M Leoni
twright@brunerwright.com, melanie@brunerwright.com;reception@brunerwright.com

| | | |
|---|---|---|
| Label Matrix for local noticing<br>1129-4<br>Case 20-40157-KKS<br>Northern District of Florida<br>Tallahassee<br>Wed Jul  1 13:45:25 EDT 2020 | BBX Capital Asset Management, LLC<br>c/o Tripp Scott, P.A.<br>110 S.E. 6th Street<br>Suite 1500<br>Fort Lauderdale, FL 33301-5039 | Beach Community Bank<br>c/o Carver Darden<br>Attn:  Robert S. Rushing<br>801 W. Romana Street<br>Suite A<br>Pensacola, FL 32502-4628 |
| Berger Singerman LLP<br>313 North Monroe Street<br>Suite 301<br>Tallahassee, FL 32301-7643 | Centennial Bank<br>c/o Keith L. Bell, Jr., Esq.<br>Clark Partington<br>106 East College Ave., Suite 600<br>Tallahassee, FL 32301-7721 | Florida Dept. of Labor/Employment Security<br>c/o Florida Dept. of Revenue<br>P.O. Box 6668<br>Tallahassee, FL 32314-6668 |
| Florida Dept. of Revenue<br>Bankruptcy Unit<br>P.O. Box 6668<br>Tallahassee, FL 32314-6668 | Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | Secretary of the Treasury<br>U.S. Treasury Department<br>15th & Pennsylvania Ave.<br>Washington, DC 20220-0001 |
| The Bankruptcy Estate of James Rudnick<br>Sherry F. Chancellor, P.A.<br>619 West Chase Street<br>Pensacola, FL 32502-4711 | U.S. Attorney (Tallahassee Office)<br>111 N. Adams Street<br>Fourth Floor<br>Tallahassee, FL 32301-7736 | U.S. Securities & Exchange Commission<br>Atlanta Reg Office and Reorg<br>950 E Paces Ferry Rd NE Ste 900<br>Atlanta, GA 30326-1382 |
| *Ameris Bank<br>225 South Main St.<br>Moultrie, GA 31768-4576 | *BBX Capital Asset Management, LLC<br>401 East Las Olas Blvd<br>Suite 800<br>Fort Lauderdale, FL 33301-4284 | *BBX Capital Asset Management, LLC<br>c/o Charles M. Tatelbaum/Tripp Scott, P.<br>110 S.E. 6th Street, 15th Floor<br>Fort Lauderdale, FL 33301-5004 |
| *BBX Capital Asset Management, LLC<br>c/o Christina Paradowski/Tripp Scott<br>110 S.E. 6th Street, 15th Floor<br>Fort Lauderdale, FL 33301-5004 | *BBX Capital Asset Management, LLC<br>c/o Jerry Tamayo/Tripp Scott, P.A.<br>110 S.E. 6th Street, Fifteenth Floor<br>Fort Lauderdale, FL 33301-5000 | *Banco Popular De Puert<br>Gpo Box 3228<br>San Juan, PR 00936 |
| *Barclays Bank Delaware<br>P.o. Box 8803<br>Wilmington, DE 19899-8803 | *Beach Community Bank<br>17 Eglin Parkway<br>Fort Walton Beach, FL 32548 | *Brian G. Rich, Esq.<br>Berger Singerman LLP<br>313 North Monroe Street, Ste. 301<br>Tallahassee, FL 32301-7643 |
| *Byron Wright, III<br>Bruner Wright, P.A.<br>2810 Remington Green Circle<br>Tallahassee, FL 32308-8708 | *Cap1/neimn<br>Po Box 30253<br>Salt Lake City, UT 84130-0253 | (p)CENTENNIAL BANK ATTN SPECIAL ASSETS<br>P O BOX 1028<br>CABOT AR 72023-1028 |
| *Centennial Bank<br>c/o Keith L. Bell, Jr.<br>Clark Partington<br>106 East College Avenue, Suite 600<br>Tallahassee, Florida 32301-7721 | *Charles F. Edwards<br>Office of U.S. Trustee<br>110 East Park Avenue<br>Suite 128<br>Tallahassee, FL 32301-7728 | *Christine S. Leoni<br>c/o Jason B. Burnett, Esq.<br>GrayRobinson, P.A.<br>50 North Laura Street, Suite 1100<br>Jacksonville, FL 32202-3611 |
| *Citicards Cbna<br>Po Box 6217<br>Sioux Falls, SD 57117-6217 | *Department of Business<br>and Professional Regulation<br>8601 N Blairstone Rd<br>Tallahassee, FL 32399-0001 | *Fannie Mae<br>c/o Carol King<br>14221 Dallas Parkway<br>Suite 1000<br>Dallas, TX 75254-2946 |

```
*Hancock Whitney Bank              *James Rudnick                          (p)JPMORGAN CHASE BANK  N A
8195 Point Meadows Way             c/o Edward J. Peterson, Esq.            BANKRUPTCY MAIL INTAKE TEAM
Jacksonville, FL 32256-9111        Stichter, Riedel, Blain & Postler, P.A. 700 KANSAS LANE FLOOR 01
                                   110. E. Madison Street, Suite 200       MONROE LA 71203-4774
                                   Tampa, Florida 33602-4718


*Regions Bank                      *Robert Sterling Rushing                *The Bankruptcy Estate of James Rudnick
720 North 39th Street              Carver Darden                           C/O Sherry F. Chancellor, Trustee
Birmingham, AL 35222-1112          801 W. Romana Street                    619 West Chase Street
                                   Suite A                                 Pensacola, Florida 32502-4711
                                   Pensacola, FL 32502-4628


*Travis Michael Morock             *Wells Fargo                            BBX Capital Management, Inc.
Carver Darden                      P.O. Box 9210                           c/o Tripp Scott, P.A. /Charles Tatelbaum
801 W. Romana Street               Des Moines, IA 50306-9210               110 S.E. 6th Street, #1500
Suite A                                                                    Fort Lauderdale, FL 33301-5039
Pensacola, FL 32502-4628


Banco Popular De Puerto Rico       Bank of America                         Beach Community Bank
PO Box 366818                      PO Box 851001                           c/o Carver Darden
San Juan PR 00936-6818             Dallas, TX 75285-1001                   801 West Romana Street, Suite A
                                                                           Pensacola, FL 32502-4628


Berger Singerman LLP               Dean Minardi                            Doris Maloy, Leon County Tax Collector
313 N Monroe St                    551 East Georgia Street                 Attn: Tia Stanley
Suite 301                          Tallahassee, FL 32303-6248              P.O. Box 1835
Tallahassee, FL 32301-7643                                                 Tallahassee, FL 32302-1835


INTERNAL REVENUE SERVICE           JPMorgan Chase Bank, N.A.               James M. Rudnick
POST BOX 7346                      s/b/m/t Chase Bank USA, N.A.            P.O. Box 13633
PHILADELPHIA, PA 19101-7346        c/o National Bankruptcy Services, LLC   Tallahassee, FL 32317-3633
                                   P.O. Box 9013
                                   Addison, Texas 75001-9013


James Rudnic                       (c)JAMES SAULS                          LVNV Funding, LLC
c/o Bankruptcy Trustee Sherry Chancellor  3466 LAKESHORE DR                Resurgent Capital Services
619 W. Chase St                    TALLAHASSEE FL   32312-1485             PO Box 10587
Pensacola, FL 32502-4711                                                   Greenville, SC 29603-0587


Laurie Dozier                      Peter Rosen                             Regions Bank
1203 Miccosukee Road               725 W Las Olas                          P.O. Box 10063
Tallahassee, FL 32308-5077         Fort Lauderdale, FL 33312-7146          Birmingham, AL 35202-0063


Robinson, Kennon & Kendron, P.A.   State of Florida Professional           United States Trustee
PO Box 1178                        Licensing                               110 E. Park Avenue
Lake City, FL 32056-1178           2601 N. Blair Stone                      Suite 128
                                   Tallahassee, FL 32399-6563              Tallahassee, FL 32301-7728


Wells Fargo Bank Nv Na             Wells Fargo Bank, N.A.                  Christine Leoni
P O Box 31557                      Default Document Processing             3951 Millers Bridge Rd.
Billings, MT 59107-1557            MAC# N9286-01Y                          Tallahassee, FL 32312-1055
                                   1000 Blue Gentian Road
                                   Eagan MN 55121-7700
```

| | | |
|---|---|---|
| James Rudnick<br>c/o Edward J. Peterson, Esq.<br>Stichter, Riedel, Blain & Postler, P.A.<br>110 E. Madison St., Ste 200<br>Tampa, Fl 33602-4718 | Jeff Sessions<br>Office of the Attorney General<br>Main Justice Bldg., Rm. 511<br>Tenth & Constitution<br>Washington, DC 20530-0001 | Kris B. Robinson<br>Robinson, Kennon & Kendron, P.A.<br>PO Box 1178<br>Lake City, FL 32056-1178 |
| Robert C. Bruner<br>Bruner Wright, P.A.<br>2810 Remington Green Circle<br>Tallahassee, FL 32308-8708 | Steven M Leoni<br>3951 W Millers Bridge Rd<br>Tallahassee, FL 32312-1055 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| *Centennial Bank<br>P.O. Box 966<br>Conway, AR 72033 | *Jpmcb Card<br>Po Box 15369<br>Wilmington, DE 19850 | (d)Centennial Bank<br>620 Chestnut Street<br>Conway, AR  72032 |

Addresses marked (c) above for the following entity/entities were corrected as required by the USPS Locatable Address Conversion System (LACS).

James Sauls
3371 East Lakeshore Drive
Tallahassee, FL 32312

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (d)Byron Wright III<br>Bruner Wright, P.A.<br>2810 Remington Green Circle<br>Tallahassee, FL 32308-8708 | (d)Christine S Leoni<br>c/o Jason B. Burnett, Esq.<br>GrayRobinson, P.A.<br>50 North Laura Street<br>Suite 1100<br>Jacksonville, FL 32202-3611 | End of Label Matrix<br>Mailable recipients    64<br>Bypassed recipients     2<br>Total                  66 |