UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

In re:

STEVEN M. LEONI,

      Debtor.

_____/

Case No. 20-40157-KKS

Chapter 11

## BBX CAPITAL ASSET MANAGEMENT, LLC'S MOTION FOR RECONSIDERATION OF ORDER GRANTING, IN PART, AND DENYING, IN PART, BBX CAPITAL'S MOTION TO EXTEND TIME TO OBJECT TO DEBTOR'S DISCHARGE OR TO CHALLENGE WHETHER CERTAIN DEBTS ARE DISCHARGEABLE

Creditor, BBX CAPITAL ASSET MANAGEMENT, LLC, ("BBX Capital"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 60 and Fed. R. Bankr. P. 9024, moves that this Court reconsider its Order dated August 11, 2020, in which this Court denied, in part, *BBX Capital's Motion To Extend Time To Object To Debtor's Discharge Or To Challenge Whether Certain Debts Are Dischargeable* [ECF No. 80], and states:

### BACKGROUND

1.      On June 26, 2020 (the "Petition Date"), Debtor, Steven M. Leoni ("Debtor"), filed his voluntary Petition for relief [ECF No. 1] pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtor filed his Schedules of Assets and Liabilities and Statement of Financial Affairs (collectively the "Schedules") on April 17, 2020 [ECF No. 30], which Schedules were amended in part on April 30, 2020 [ECF No. 46] (the "Amended Schedules"). The section 341 Meeting of Creditors was held on April 29, 2020 [ECF No. 44].

2.      The deadline for objecting to Debtors' discharge and/or challenging whether certain debts are dischargeable was June 29, 2020 [ECF No. 14, § 7] (the "Objection to Discharge Deadline").

3.      BBX Capital is a substantial pre-petition judgment creditor of Debtor, and is investigating the facts and circumstances surrounding Debtor's debt(s) and the filing of the instant bankruptcy case, and will be seeking discovery in connection with potential objections to either the dischargeability of certain debt(s), or to discharge of the Debtor's debts in general.

4.      On June 29, 2020, BBX Capital filed its Motion To Extend Time To Object To Debtor's Discharge Or To Challenge Whether Certain Debts Are Dischargeable (the "Motion To Extend Time") [ECF No. 80].

5.      On July 13, 2020, Debtor filed an Objection [ECF No. 88].

6.      On July 21, 2020, BBX Capital filed a Reply to Debtor's Objection [ECF No. 91].

7.      On July 22, 2020, Debtor filed a Response to BBX Capital's Reply [ECF No. 93].

8.      On July 23, 2020, the Court held a hearing on the Motion to Extend Time (the "Hearing").

9.      On August 11, 2020, the Court entered an Order Granting, In Part, And Denying, In Part, BBX Capital's Motion To Extend Time (the "Order") [ECF No. 100]. This Motion seeks to have the Court reconsider the ruling in connection with the Order.

## ARGUMENT

Rule 9024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provides a mechanism for relief from a judgment or order by incorporating Rule 60 of the Federal Rules of Civil Procedure (the "Federal Rules"). Additionally, Bankruptcy Rule 8002(b) explains that the time to appeal an order of the Bankruptcy Court is stayed while a motion filed under Bankruptcy Rule 9024 remains pending.

Bankruptcy Rule 9024 states in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or party's legal representative from a final judgment, order, or proceeding for the following

reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could have not been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

In particular, there are two provisions under Federal Rule 60 applicable here: Federal Rule 60(b)(4) (the judgment is void) and Federal Rule 60(b)(6) (other equitable reasons).

1. <u>BBX Capital's Right of And Entitlement To Due Process Was Violated When The Court Relied On Evidence Proffered During A Non-Evidentiary Hearing.</u>

BBX Capital submits its Motion pursuant to Federal Rules 60(b)(4) and 60(b)(6). Generally, a judgment is void under Federal Rule 60(b)(4) "if [the Court] acted in a manner inconsistent with due process of law." *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001). "[I]f the motion is based on a void judgment under Rule 60(b)(4), the district court has no discretion--the judgment is either void or it is not.... [T]he mere passage of time cannot convert an absolutely void judgment into a valid one." *Jackson v. Fie Corp.*, 302 F.3d 515 (5th Cir. 2002). As an alternative theory, BBX Capital asserts that relief under Rule 60(b)(6) is appropriate because the facts of this case make abundantly clear that the resolution of this case was manifestly unjust.

Under Federal Rule 60(b)(6) as incorporated in Bankruptcy Rule 9024, this Court may grant a party relief from an order when justification exists for relief from the operation of the order and the motion for the relief is made within a reasonable time after the entry of the order. Thus, this Court is vested with discretion in matters of remedy and judicial administration to vacate an order which, due to due process violations, does not promote the policies of

bankruptcy law. In this case, the Court took evidence by proffer in a non-evidentiary hearing, which makes apparent that, under the circumstances, the Order should be vacated.

"The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. *Mathew v. Eldridge*, 424 U.S. 319, 333 (1976) (Internal quotation marks omitted). Because fundamental fairness requires that a party have the opportunity to present evidence on the contested factual issues, the denial of this opportunity renders a court's ensuing judgment void. *See, Klapprott v. United States*, 335 U.S. 601, 609 (1949) (stating that "if the hearing of evidence is a legal prerequisite to rendition of a valid . . . judgment," the denial of the opportunity to be heard renders the judgment void); *Thompson v. Madison County Bd. of Educ.*, 476 F.2d 676, 678 (5th Cir. 1973) (noting the importance of an opportunity to present evidence and concluding that "a court can only render a judgment after the parties have been afforded a full and fair trial on the claims properly before the court"). Here, the Order is void because the Court issued it based on evidence proffered by Berger Singerman's attorney at a non-evidentiary hearing without any evidence from BBX Capital.

On July 6, 2020, the Court issued a Notice of Non Evidentiary Hearing via Telephone Conference (the "Notice of Hearing") [ECF No. 84]. As explicitly noted in the title of the Notice of Hearing, the hearing was not an evidentiary hearing. At the Hearing, however, counsel for Berger Singerman stated that "there's a longstanding history between BBX and the debtor" and that "BBX has had access and full access to information regarding the debtor, the debtor's financial situation for all of this time."[1] It should be noted that Berger Singerman is representing itself in this proceeding as an unsecured creditor, and the Court's favorable consideration of the

---

[1] BBX Capital had previously notified counsel for Berger Singerman that BBX Capital considers it a conflict of interest for Berger Singerman to participate as counsel in this matter due to the fact that Berger Singerman had been a long-standing bankruptcy legal counsel for BBX Capital, and its attorneys possess confidential and privileged information concerning BBX Capital and its strategies and procedures. BBX Capital does not waive its right to seek disqualification of Berger Singerman from participating as counsel in this matter.

Motion to Extend Time and granting the relief requested by BBX Capital would have no impact on Berger Singerman's claim, so that the only motive for making the inappropriate proffer of evidentiary comments would be to prejudice Berger Singerman's former client BBX Capital. A copy of the Hearing Transcript is attached hereto as **Exhibit "A"**. The Order makes a finding of fact that "BBX's long history with Debtor militates against granting the extension requested[.]" [ECF No. 100]. The Order further explains that this Court, among others, have held that an extension under Bankruptcy Rule 4007(c) is inappropriate when a creditor has or should have become aware of the actions underlying a § 523 claim due to prepetition dealings with the debtor. *Id.* Although BBX Capital is aware of fraudulent transfers that took place, the *recipient* of those transfers was not disclosed by Debtor prior to the June 29, 2020 deadline, and BBX Capital is still in the process of uncovering more details regarding the transfers.

It is clear from language of the Order that the Court took Berger Singerman's proffer and relied on it as evidence in in making findings of fact as contained in the Order without providing BBX Capital the opportunity to conduct any sort of cross examination or to proffer evidence (at a duly noticed evidentiary hearing) that it was unaware of the recipient of the transfers which is a critical fact for assertion of its claims in a complaint. In other words, BBX Capital would testify that although it has some financial documents in its possession, BBX Capital does not have "full access" to information regarding Debtor as proffered by Berger Singerman's counsel. In fact, BBX Capital would testify that recent evidence received shortly prior to the Hearing by BBX Capital illustrates that some of the financial documents submitted by Debtor to BBX Capital contain false information. And without sufficient knowledge regarding who Debtor's assets were fraudulently transferred to, BBX Capital is unable to file a complaint challenging dischargeability under § 523. Accordingly, the Court abused its discretion and deprived BBX

Capital of due process by relying on proffered evidence at a non-evidentiary hearing without providing BBX Capital with the opportunity to present its own evidence.

Notably, on July 22, 2020, one day before the Hearing[2], BBX Capital received critical evidence to support its claim under § 523 when counsel for Debtor's wife emailed assignments of Debtor's ownership interests in Westwood Plaza and Westwood Manager, LLC to undersigned counsel. A copy of the documents sent from Christine Leoni's counsel received on July 22, 2020 is attached hereto as **Exhibit "B"**. These assignments occurred in January 2008.  Then, on Monday, July 27, 2020, counsel for Debtor emailed assignments of Debtor's interest in Leoni Properties, Inc. and Volare Real Estate Company and the Colesium, LLC.  The assignments also occurred in January 2008. All of these assignments, received just the day before the Hearing and after the Hearing, reveal not only the recipient of Debtor's fraudulent transfer, but also that the personal financial statements that Debtor submitted to BankAtlantic in 2009 contained misrepresentations regarding Debtor's assets. Specifically, the Debtor represented that he had an ownership interest in various companies, including Westwood Plaza, LLC, Leoni Properties, Inc. and Volare Real Estate Company and the Colesium, LLC. However, the assignments, which BBX Capital had not previously been in the possession of, illustrate that he had no such ownership interests.

If the Hearing would have been noticed and held as an evidentiary hearing, BBX Capital would have brought forth the evidence it received the day before the Hearing in order to prove that it did not have the necessary knowledge to file a complaint challenging dischargeability under § 523 prior to the June 29, 2020 deadline. However, since the Hearing was non-evidentiary, BBX Capital was precluded from providing testimony or proffering any evidence in

---

[2] The response to the discovery request was due to be submitted by the Debtor before July 22, 2020, but whether for strategic reasons or otherwise, the Debtor did not submit the information to the attorneys for BBX Capital until the day before the Hearing.

support of its position. As a result, BBX Capital's entitlement to procedural and substantive due process has been violated, and the Order should be vacated.

Alternatively, the production of the assignments the day before the Hearing and after the Hearing constitute newly discovered evidence and a change in facts which would justify relief from the Order. Federal Rule 60(b)(2) provides that newly discovered evidence that, with reasonable diligence, could not have been discussed in time to move for a new trial, is also a basis for reconsideration and relief from a judgment or order. Whether the timing of the late production of the documents by the Debtor and his attorneys was by coincidence, inadvertence or by intention, it precluded counsel for BBX Capital from fully understanding the significance and import of the documents provided the day before the Hearing and precluded BBX Capital from seeking to have an evidentiary hearing (or to even proffer to the Court at the Hearing) additional valid reasons why the Motion to Extend Time should have been granted. Last-minute production of discovery should not be allowed or condoned by the Court.

WHEREFORE, Creditor, BBX CAPITAL ASSET MANAGEMENT, LLC, respectfully requests that the Court reconsider and vacate the *Order Granting, in Part, and Denying, in Part, BBX Capital's Motion to Extend Time to Object to Debtor's Discharge or to Challenge Whether Certain Debts are Dischargeable* [ECF No. 100], and enter order granting the *Motion To Extend Time To Object To Debtor's Discharge Or To Challenge Whether Certain Debts Are Dischargeable* [ECF No. 80], plus such further and other relief that this Court deems just and proper.

**Dated this 19th day of August, 2020.**          **Respectfully submitted,**

TRIPP SCOTT, P.A.
*Counsel for BBX Capital*
110 Southeast 6th Street, 15th Floor
Fort Lauderdale, Florida 33301

Tel:  (954) 525-7500
Fax: (954) 761-8475

By:   /s/*Charles M. Tatelbaum*
        CHARLES M. TATELBAUM
        *Florida Bar No. 177540*
        cmt@trippscott.com
        hbb@trippscott.com
        eservice@trippscott.com
        JERRY D. TAMAYO
        *Florida Bar No. 28532*
        jdt@trippscott.com
        hbb@trippscott.com
        eservice@trippscott.com
        CHRISTINA V. PARADOWSKI
        *Florida Bar No. 0056708*
        cvp@trippscott.com
        hbb@trippscott.com
        eservice@trippscott.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been served to all those listed below via CM/ECF and to all those on the Matrix via U.S. Mail this 19th day of August, 2020, on the parties listed below.

By:   /s/ *Charles M. Tatelbaum*

## <u>ELECTRONIC MAILING LIST</u>

**20-40157-KKS Notice will be electronically mailed to:**

Keith L. Bell, Jr. on behalf of Creditor Centennial Bank
kbell@clarkpartington.com,
egordon@clarkpartington.com;hrice@clarkpartington.com;ldunlap@clarkpartington.com

Robert C. Bruner on behalf of Debtor Steven M Leoni
rbruner@brunerwright.com,
melanie@brunerwright.com;twright@brunerwright.com;reception@brunerwright.com

Jason B. Burnett on behalf of Interested Party Christine S Leoni
jason.burnett@gray-robinson.com, ken.jacobs@gray-robinson.com;kim.miller@gray-robinson.com

Sherry F. Chancellor on behalf of Creditor The Bankruptcy Estate of James Rudnick
sherry.chancellor@yahoo.com, dandwh@aol.com

Charles F. Edwards on behalf of U.S. Trustee United States Trustee
charles.edwards@usdoj.gov

Travis Michael Morock on behalf of Creditor Beach Community Bank
morock@carverdarden.com, juszczyk@carverdarden.com

Edward J. Peterson, III on behalf of Interested Party James Rudnick
epeterson.ecf@srbp.com, epeterson@srbp.com

Brian G. Rich on behalf of Creditor Berger Singerman LLP
brich@bergersingerman.com,
efile@bergersingerman.com;rperez@bergersingerman.com;efile@ecf.inforuptcy.com

Robert Sterling Rushing on behalf of Creditor Beach Community Bank
rushing@carverdarden.com, juszczyk@carverdarden.com

United States Trustee
USTPRegion21.TL.ECF@usdoj.gov

Byron Wright, III on behalf of Debtor Steven M Leoni
twright@brunerwright.com, melanie@brunerwright.com;reception@brunerwright.com

Label Matrix for local noticing
1129-4
Case 20-40157-KKS
Northern District of Florida
Tallahassee
Wed Jul  1 13:45:25 EDT 2020

BBX Capital Asset Management, LLC
c/o Tripp Scott, P.A.
110 S.E. 6th Street
Suite 1500
Fort Lauderdale, FL 33301-5039

Beach Community Bank
c/o Carver Darden
Attn:  Robert S. Rushing
801 W. Romana Street
Suite A
Pensacola, FL 32502-4628

Berger Singerman LLP
313 North Monroe Street
Suite 301
Tallahassee, FL 32301-7643

Centennial Bank
c/o Keith L. Bell, Jr., Esq.
Clark Partington
106 East College Ave., Suite 600
Tallahassee, FL 32301-7721

Florida Dept. of Labor/Employment Security
c/o Florida Dept. of Revenue
P.O. Box 6668
Tallahassee, FL 32314-6668

Florida Dept. of Revenue
Bankruptcy Unit
P.O. Box 6668
Tallahassee, FL 32314-6668

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Secretary of the Treasury
U.S. Treasury Department
15th & Pennsylvania Ave.
Washington, DC 20220-0001

The Bankruptcy Estate of James Rudnick
Sherry F. Chancellor, P.A.
619 West Chase Street
Pensacola, FL 32502-4711

U.S. Attorney (Tallahassee Office)
111 N. Adams Street
Fourth Floor
Tallahassee, FL 32301-7736

U.S. Securities & Exchange Commission
Atlanta Reg Office and Reorg
950 E Paces Ferry Rd NE Ste 900
Atlanta, GA 30326-1382

*Ameris Bank
225 South Main St.
Moultrie, GA 31768-4576

*BBX Capital Asset Management, LLC
401 East Las Olas Blvd
Suite 800
Fort Lauderdale, FL 33301-4284

*BBX Capital Asset Management, LLC
c/o Charles M. Tatelbaum/Tripp Scott, P.
110 S.E. 6th Street, 15th Floor
Fort Lauderdale, FL 33301-5004

*BBX Capital Asset Management, LLC
c/o Christina Paradowski/Tripp Scott
110 S.E. 6th Street, 15th Floor
Fort Lauderdale, FL 33301-5004

*BBX Capital Asset Management, LLC
c/o Jerry Tamayo/Tripp Scott, P.A.
110 S.E. 6th Street, Fifteenth Floor
Fort Lauderdale, FL 33301-5000

*Banco Popular De Puert
Gpo Box 3228
San Juan, PR 00936

*Barclays Bank Delaware
P.o. Box 8803
Wilmington, DE 19899-8803

*Beach Community Bank
17 Eglin Parkway
Fort Walton Beach, FL 32548

*Brian G. Rich, Esq.
Berger Singerman LLP
313 North Monroe Street, Ste. 301
Tallahassee, FL 32301-7643

*Byron Wright, III
Bruner Wright, P.A.
2810 Remington Green Circle
Tallahassee, FL 32308-8708

*Cap1/neimn
Po Box 30253
Salt Lake City, UT 84130-0253

(p)CENTENNIAL BANK ATTN SPECIAL ASSETS
P O BOX 1028
CABOT AR 72023-1028

*Centennial Bank
c/o Keith L. Bell, Jr.
Clark Partington
106 East College Avenue, Suite 600
Tallahassee, Florida 32301-7721

*Charles F. Edwards
Office of U.S. Trustee
110 East Park Avenue
Suite 128
Tallahassee, FL 32301-7728

*Christine S. Leoni
c/o Jason B. Burnett, Esq.
GrayRobinson, P.A.
50 North Laura Street, Suite 1100
Jacksonville, FL 32202-3611

*Citicards Cbna
Po Box 6217
Sioux Falls, SD 57117-6217

*Department of Business
and Professional Regulation
8601 N Blairstone Rd
Tallahassee, FL 32399-0001

*Fannie Mae
c/o Carol King
14221 Dallas Parkway
Suite 1000
Dallas, TX 75254-2946

*Hancock Whitney Bank
8195 Point Meadows Way
Jacksonville, FL 32256-9111

*James Rudnick
c/o Edward J. Peterson, Esq.
Stichter, Riedel, Blain & Postler, P.A.
110. E. Madison Street, Suite 200
Tampa, Florida 33602-4718

(p)JPMORGAN CHASE BANK  N A
BANKRUPTCY MAIL INTAKE TEAM
700 KANSAS LANE FLOOR 01
MONROE LA 71203-4774


*Regions Bank
720 North 39th Street
Birmingham, AL 35222-1112

*Robert Sterling Rushing
Carver Darden
801 W. Romana Street
Suite A
Pensacola, FL 32502-4628

*The Bankruptcy Estate of James Rudnick
C/O Sherry F. Chancellor, Trustee
619 West Chase Street
Pensacola, Florida 32502-4711


*Travis Michael Morock
Carver Darden
801 W. Romana Street
Suite A
Pensacola, FL 32502-4628

*Wells Fargo
P.O. Box 9210
Des Moines, IA 50306-9210

BBX Capital Management, Inc.
c/o Tripp Scott, P.A. /Charles Tatelbaum
110 S.E. 6th Street, #1500
Fort Lauderdale, FL 33301-5039


Banco Popular De Puerto Rico
PO Box 366818
San Juan PR 00936-6818

Bank of America
PO Box 851001
Dallas, TX 75285-1001

Beach Community Bank
c/o Carver Darden
801 West Romana Street, Suite A
Pensacola, FL 32502-4628


Berger Singerman LLP
313 N Monroe St
Suite 301
Tallahassee, FL 32301-7643

Dean Minardi
551 East Georgia Street
Tallahassee, FL 32303-6248

Doris Maloy, Leon County Tax Collector
Attn: Tia Stanley
P.O. Box 1835
Tallahassee, FL 32302-1835


INTERNAL REVENUE SERVICE
POST BOX 7346
PHILADELPHIA, PA 19101-7346

JPMorgan Chase Bank, N.A.
s/b/m/t Chase Bank USA, N.A.
c/o National Bankruptcy Services, LLC
P.O. Box 9013
Addison, Texas 75001-9013

James M. Rudnick
P.O. Box 13633
Tallahassee, FL 32317-3633


James Rudnic
c/o Bankruptcy Trustee Sherry Chancellor
619 W. Chase St
Pensacola, FL 32502-4711

(c)JAMES SAULS
3466 LAKESHORE DR
TALLAHASSEE FL  32312-1485

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587


Laurie Dozier
1203 Miccosukee Road
Tallahassee, FL 32308-5077

Peter Rosen
725 W Las Olas
Fort Lauderdale, FL 33312-7146

Regions Bank
P.O. Box 10063
Birmingham, AL 35202-0063


Robinson, Kennon & Kendron, P.A.
PO Box 1178
Lake City, FL 32056-1178

State of Florida Professional
Licensing
2601 N. Blair Stone
Tallahassee, FL 32399-6563

United States Trustee
110 E. Park Avenue
 Suite 128
Tallahassee, FL 32301-7728


Wells Fargo Bank Nv Na
P O Box 31557
Billings, MT 59107-1557

Wells Fargo Bank, N.A.
Default Document Processing
MAC# N9286-01Y
1000 Blue Gentian Road
Eagan MN 55121-7700

Christine Leoni
3951 Millers Bridge Rd.
Tallahassee, FL 32312-1055

James Rudnick
c/o Edward J. Peterson, Esq.
Stichter, Riedel, Blain & Postler, P.A.
110 E. Madison St., Ste 200
Tampa, Fl 33602-4718

Jeff Sessions
Office of the Attorney General
Main Justice Bldg., Rm. 511
Tenth & Constitution
Washington, DC 20530-0001

Kris B. Robinson
Robinson, Kennon & Kendron, P.A.
PO Box 1178
Lake City, FL 32056-1178

Robert C. Bruner
Bruner Wright, P.A.
2810 Remington Green Circle
Tallahassee, FL 32308-8708

Steven M Leoni
3951 W Millers Bridge Rd
Tallahassee, FL 32312-1055

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

*Centennial Bank
P.O. Box 966
Conway, AR 72033

*Jpmcb Card
Po Box 15369
Wilmington, DE 19850

(d)Centennial Bank
620 Chestnut Street
Conway, AR  72032

Addresses marked (c) above for the following entity/entities were corrected
as required by the USPS Locatable Address Conversion System (LACS).

James Sauls
3371 East Lakeshore Drive
Tallahassee, FL 32312

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Byron Wright III
Bruner Wright, P.A.
2810 Remington Green Circle
Tallahassee, FL 32308-8708

(d)Christine S Leoni
c/o Jason B. Burnett, Esq.
GrayRobinson, P.A.
50 North Laura Street
Suite 1100
Jacksonville, FL 32202-3611

End of Label Matrix
Mailable recipients   64
Bypassed recipients    2
Total                 66

Bankruptcy Court

Hearing before:

Judge Karen Specie

July 23, 2020



PHIPPS REPORTING

*Raising the Bar!*

Judge Karen Specie
July 23, 2020

---

US BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF FLORIDA

---

TRANSCRIPT OF TELEPHONIC HEARING

Pages 1 - 16

RE:               STEVEN M. LEONI
CASE No.:         20-40157
DATE TAKEN:       Thursday, July 23, 2020
TIME OF EXCERPT:  10:35 a.m. - 10:52 a.m.

      This cause came on to be heard telephonically
at the time aforesaid, when the following
proceedings were stenographically reported by:

Tracy L. Brown

Job No.: 144793

Judge Karen Specie
July 23, 2020

Page 2

APPEARANCES: (All parties appearing by Web
Conference)

On behalf of Steven Leoni:

BYRON WRIGHT, ESQUIRE
Bruner Wright, P.A.
2810 Remington Green Circle
Tallahassee, FL 32308
850-385-0342
twright@brunerwright.com

On behalf of Christine Leoni:

JASON BURNETT, ESQUIRE
GrayRobinson PA
50 N. Laura Street, Suite 1100
Jacksonville, FL 32202-3611
904-598-9929
jason.burnett@gray-robinson.com

On behalf of Berger Singerman:

BRIAN RICH, ESQUIRE
Berger Singerman LLP
313 N. Monroe Street, Suite 301
Tallahassee, FL 32301
850-561-3010
brich@bergersingerman.com

On behalf of BBX:

CHRISTINA PARADOWSKI, ESQUIRE
Tripp Scott, PA
110 SE 6th Street, Floor 15
Ft. Lauderdale, FL 33301-5004
954-525-7500
cvp@trippscott.com

On behalf of US Trustee:

CHARLES EDWARDS, ESQUIRE
Office of US Trustee
110 E. Park Avenue, Suite 128
Tallahassee, FL 32301
850-942-1660
charles.edwards@usdoj.gov

CERTIFICATE OF REPORTER                        16

Judge Karen Specie
July 23, 2020

1          The following proceedings began at 10:35

2    a.m.:

3          MADAM CLERK:  This Honorable Court is

4    again in session.  Steven M. Leoni, Chapter 11,

5    case number 20-40157.  Before the Court are

6    motion to extend exclusivity period and motion

7    to extend time to object to dischargeability.

8          Scheduled via CourtCall, Mr. Wright?

9          MR. WRIGHT:  Good morning.  Byron Wright

10    for Steven Leoni.

11          MADAM CLERK:  Mr. Rich?

12          MR. RICH:  Good morning, Your Honor, this

13    is Brian Rich, R-I-C-H, from Berger Singerman

14    on behalf of Berger Singerman.

15          MADAM CLERK:  Mr. Edwards?

16          MR. EDWARDS:  Good morning, Your Honor.

17    Charles Edwards for the United States Trustee.

18          MADAM CLERK:  Ms. Paradowski?

19          MS. PARADOWSKI:  Yes.  Good morning.

20    Christina Paradowski, P-A-R-A-D-O-W-S-K-I, on

21    behalf of BBX Capital Asset Management, LLC.

22          MADAM CLERK:  And has Mr. Tatelbaum

23    checked in yet?

24          OPERATOR:  He has not.

25          MADAM CLERK:  Is there anyone else present

Judge Karen Specie
July 23, 2020

Page 4

1  for this hearing?

2       (No response.)

3       MADAM CLERK:  Thank you.

4       MR. BURNETT:  Good morning.  Jason Burnett

5  appearing on behalf of Christine Leoni.  Good

6  morning, Your Honor.

7       THE COURT:  Good morning, Mr. Burnett.

8  Good morning, counsel.

9       As announced, we are here on two matters.

10  One is the debtor's motion at docket 70 to

11  extend exclusivity.  And the other is the

12  motion to extend time to object to

13  dischargeability and the debtor's discharge at

14  docket number 80.

15       We will take up docket 70 first.

16  Mr. Wright, exclusivity.

17       MR. WRIGHT:  Thank you, Your Honor.  Yes.

18  We filed this motion on June 18th at docket

19  entry 70 along with a couple applications to

20  employ professionals in this case to perform

21  appraisals of real estate in addition to

22  valuation of a couple business interests.  Your

23  Honor, I don't believe any objections have been

24  filed.

25       Due to the timelines of this appraiser and

Judge Karen Specie
July 23, 2020

Page 5

1   the valuation consultant that were given to us

2   by both of them, we are requesting this

3   extension to file a confirmable plan, which we

4   do expect to be opposed.  And we do expect

5   those values, specifically, to be contested by

6   BBX and potentially other creditors.  Once

7   those values are obtained, Your Honor, the

8   debtor then can proceed with formulating a plan

9   and proposing a joint 9019 motion together with

10  his non-filing spouse and perhaps related

11  entities in this case, Your Honor.

12       So, Your Honor, for those reasons and

13  those stated in the motion that I know the

14  Court has reviewed, we'd request that the Court

15  grant the motion and extend the exclusivity

16  period.

17       THE COURT:  Thank you very much.

18       Mr. Rich?

19       MR. RICH:  Judge, we are in support of the

20  debtor's request and would request that the

21  Court approve the motion.

22       THE COURT:  Thank you.

23       Mr. Edwards?

24       MR. EDWARDS:  Morning, Your Honor.

25  Charles Edwards for the US Trustee.  No

Judge Karen Specie
July 23, 2020

Page 6

1    objection to the motion.

2         THE COURT:  Mr. Burnett?

3         MR. BURNETT:  Good morning, Your Honor.

4    Jason Burnett for Christine Leoni.  We do not

5    oppose the motion.

6         THE COURT:  Ms. Paradowski?

7         MS. PARADOWSKI:  Yes, Your Honor.

8    Christina Paradowski for BBX Capital.  We have

9    no position as to the motion to extend

10   exclusivity.

11        THE COURT:  Very well.  There being no

12   written objections, no verbal objections, and

13   there being at least one creditor in support of

14   the motion, I find the motion is well taken and

15   should be granted.  So the motion to extend at

16   docket 70 is granted.  Mr. Wright may submit

17   that order.

18        MR. WRIGHT:  Thank you, Your Honor.

19        THE COURT:  Thank you.

20        We will next turn to the motion to extend

21   time at docket number 80.

22        Ms. Paradowski?

23        MS. PARADOWSKI:  Yes.  Thank you, Your

24   Honor.  Again, Christina Paradowski on behalf

25   of BBX Capital Asset Management, LLC.

Judge Karen Specie
July 23, 2020

Page 7

1        This is our motion to extend time to

2    object to debtor's discharge or to challenge

3    whether certain debts are dischargeable.  And

4    knowing that Your Honor has read all of the

5    papers filed with regards to this motion, I

6    won't regurgitate everything, but just simply

7    summarize that the deadline for objecting to

8    debtor's discharge or challenging whether

9    certain debts are dischargeable was June 29th,

10   2020.

11       BBX Capital, as stated in our reply in

12   support of our motion, has almost -- since the

13   inception of the bankruptcy case, engaged in

14   due diligence efforts to gather information and

15   review and continue its discovery -- I'm sorry.

16   With regard to the issues in this bankruptcy

17   case, I don't think anybody would say that the

18   bankruptcy case and the issues and transactions

19   and entities involved aren't at least

20   intricate, if not complicated.

21       In our reply in support of our motion, we

22   detailed the timeline beginning with requests

23   on June 5th, 8th, and 18th to -- I'm sorry,

24   June 1st, 5th, and 8th to the debtor and

25   debtor's various related entities.  We proposed

Page 8

1   a deadline of June 22nd for those documents to

2   be returned.  Debtor requested an extension

3   until July 14th to provide the document.

4   Notably, on July 13th and July 16th, debtor

5   produced certain documents that, in our view,

6   confirmed misrepresentations were made by the

7   debtor to BankAtlantic, which is BBX's

8   predecessor and interest in debtor's 2008 and

9   2009 final statements.

10      We've also taken a witness statement under

11   oath and we are continuing to conduct due

12   diligent effort in order to investigate and

13   determine the propriety and the basis for

14   filing these complaints to object to discharge

15   or dischargeability.  Debtor's position in its

16   objection seems to be primarily based upon that

17   we have not taken a -- or filed a motion for

18   Rule 2004 examination or taken a Rule 2004

19   examination.

20      As stated in our reply, Your Honor, while

21   a 2004 exam may not have been discussed yet,

22   our other efforts have indicated due diligence

23   versus investigating the potential bases to

24   object to discharge or dischargeability.

25      THE COURT:  Thank you.

Judge Karen Specie
July 23, 2020

Page 9

 1        Mr. Wright?

 2        MR. WRIGHT:  Thank you, Your Honor.

 3    Yesterday we filed a response to BBX's reply to

 4    our objection.  I apologize for late filing of

 5    that, Your Honor, but that was just really a

 6    one- or two-page response.  And since the Court

 7    has read the pleadings, I just want to

 8    highlight what we view to be the most important

 9    aspect of this issue, which is, Your Honor, at

10    the very latest, even if BBX did not have

11    intricate knowledge of the debtor's financials

12    and business dealings prior to filing the case,

13    on May 6th, when the debtor filed his objection

14    to BBX's motion for authorization to file an

15    adversary proceeding against the debtor's wife,

16    the debtor set forth the same transfers that

17    BBX highlights in its reply, apparently in

18    support of the fact that BBX can file a Section

19    523 action.

20        However, Your Honor, during the

21    approximately 40 to 50 days after the debtor

22    filed that objection and set forth those

23    transfers to not only BBX but on the record in

24    his bankruptcy case, there was no Section 523

25    action filed.  Which is plenty of time for any

Judge Karen Specie
July 23, 2020

Page 10

 1   creditor to file a Section 523 action should

 2   they have wanted to or felt that there was

 3   merit to such an action.

 4        Your Honor, we request that the Court deny

 5   the motion, at least with respect to any

 6   ability to file a Section 523 complaint for

 7   that simple fact.  BBX, I don't think it can be

 8   disputed, had knowledge at the very latest,

 9   again, on May 6th in this bankruptcy case, and

10   the deadline to file the complaint against the

11   debtor to determine dischargeability or object

12   to his discharge was June 29th, 2020.

13        Your Honor, so I won't belabor the point

14   on that.  That is simply our position that

15   there is -- similar to the Tumbleson case, the

16   creditor here had sufficient knowledge well in

17   advance of the deadline and the fact that they

18   did not take a 2004 examination, in our view,

19   only shows that they did have that knowledge

20   and did not -- maybe they didn't deem it

21   necessary to take a 2004 examination, Your

22   Honor, so we frankly are surprised that there

23   was no complaint filed timely.  And, Your

24   Honor, we request that the Court not entertain

25   an extension in this case.

Judge Karen Specie
July 23, 2020

```
 1        THE COURT:  All right.  Thank you very
 2   much.
 3        Would -- Mr. Rich, do you care to be heard
 4   on this particular issue?
 5        MR. RICH:  Yes, Judge, if I may.  Thank
 6   you.
 7        Judge, as a creditor in this case we would
 8   support the debtor's position.  We believe the
 9   debtor's reply is well founded and reasonable.
10   As the Court is probably aware and has heard
11   previously, there's a longstanding history
12   between BBX and the debtor, multiple business
13   entities, some of which my firm was involved in
14   the representation of dating back to -- excuse
15   me.  Sorry, Judge.  Dating back well over ten
16   years.  It's our belief that BBX has had access
17   and full access to information regarding the
18   debtor, the debtor's financial situation for
19   all of this time.  And my firm was involved in
20   those negotiations and the forbearance
21   agreement that was at issue here.  And from our
22   standpoint, when BBX needed information, the
23   debtor provided it.
24        We would also add, Judge, that the
25   reference to a witness statement, which was not
```

1    attached to the reply filed by BBX, we think is

2    inappropriate and not acceptable under these

3    circumstances.  We would offer, Judge, that

4    Mr. Leoni has demonstrated his efforts to

5    settle with creditors.  And we think the record

6    in this case will show that.  And the record in

7    other bankruptcy cases before this Court shows

8    his efforts to settle with creditors, and that

9    testimony would be contrary to that unattached

10   witness statement.  But, Judge, we think BBX

11   has had all the information they need for years

12   and the extension should not be granted.

13       THE COURT:  Thank you very much.

14       Mr. Edwards, does the US Trustee wish to

15   be heard?

16       MR. EDWARDS:  No, Your Honor.  Thank you.

17       THE COURT:  Mr. Burnett, would you care to

18   be heard on this issue?

19       MR. BURNETT:  Thank you, You Honor.  I

20   would just echo the comments of both debtor's

21   counsel and Mr. Rich and oppose the extension.

22       Thank you.

23       THE COURT:  Ms. Paradowski, anything

24   further?  And in particular, would you kindly

25   address the debtor's point that May 6th, 2020

Judge Karen Specie
July 23, 2020

Page 13

1   debtor filed a pleading in this case that

2   listed the transfers that apparently BBX wishes

3   to conduct additional discovery into?

4       MS. PARADOWSKI:  Yes, Your Honor.  With

5   regard to the question that Your Honor just

6   specifically posed with regard to the motion

7   that was filed, those relate to transfers made

8   from the debtor to debtor's spouse, and that is

9   the crux of the complaint that BBX Capital is

10  seeking pursuant to that motion.  But, as

11  stated in our reply, on July 13th and July

12  16th, BBX Capital received documents confirming

13  that there were misrepresentations made in

14  debtor's 2008 and 2009 personal financial

15  statement.  So, it goes beyond the allegations

16  made or that we proposed to make in the

17  adversary complaint that we are seeking

18  authority to file.

19      Additionally, even if BBX Capital has some

20  financial documents or some pieces to the

21  puzzle, the picture is still coming into focus,

22  and so that's why additional discovery has been

23  undertaken.  And as documents are coming in,

24  the picture is starting to come into better

25  focus.  So the arguments made that BBX Capital

Judge Karen Specie
July 23, 2020

1    has had financial document, BBX may have had

2    some financial documents, but as others are

3    coming in, the position is becoming clearer.

4         And finally, I'll note, Your Honor, that

5    debtor -- the debtor in his objections stated

6    that it would be prejudice because it would

7    have to defend an adversary proceeding while

8    proposing a confirmable plan.  I don't believe

9    that debtor's position there is well founded

10   because that would be the same case even if we

11   had filed it by the June 29th deadline.  And

12   this is even more so considering now that there

13   has been an extension of the exclusivity period

14   to propose the Chapter 11 plan.

15        So, for those reasons, Your Honor, we

16   would ask that the motion for an extension be

17   granted.

18        THE COURT:  All right.  Thank you very

19   much.  I am going to take just a couple of

20   minutes and I'll be right back with everyone.

21        (Brief recess from 10:49 a.m. to 10:50

22   a.m.)

23        THE COURT:  All right.  Thank you,

24   counsel.  I am going to take this under

25   advisement, but I don't intend to take a very

Judge Karen Specie
July 23, 2020

Page 15

 1    long time to make a ruling on this motion.  I

 2    think, as to objection to debtor's discharge,

 3    the motion should be granted in part.  And the

 4    creditor is given 60 more days from the

 5    original deadline of June 29, 2020 within which

 6    to file a complaint objecting to the debtor's

 7    discharge.

 8        With respect to dischargeability under

 9    523, both of you have cited a couple of my

10    prior cases, and it is my normal philosophy

11    that where the creditors -- you know, in a 523

12    situation, for the most part, the facts germane

13    to any cause of action for non-dischargeability

14    have occurred well before the debtor filed its

15    petition.  On the other hand, facts pertaining

16    to objections to discharge sometimes evolve or

17    come out post-petition.  So, I'm going to take

18    under consideration whether or not this motion

19    should be granted or denied on the basis of

20    523.  And I anticipate being able to make a

21    ruling in the next week to ten days at most.

22        Thank you very much.  This hearing is

23    concluded.

24        (Hearing concluded at 10:52 a.m.)

25                    *    *    *

Judge Karen Specie
July 23, 2020

Page 16

1                          COURT CERTIFICATE

2

3

4     STATE OF FLORIDA

5     COUNTY OF LEON

6              I, Tracy Brown, certify that I was

7         authorized to and did stenographically report

8         the foregoing telephonic proceedings, and that

9         the transcript is a true and complete record of

10        my stenographic notes.

11

12             Dated this 25th day of July, 2020.

13

14

15    _____

16    TRACY L. BROWN
      1551 Forum Place, Suite 200-E
17    West Palm Beach, FL  33401
      888-811-3408

18

19

20

21

22

23

24

25

**1**

10:35
 3:1
10:49
 14:21
10:50
 14:21
10:52
 15:24
11
 3:4  14:14
13th
 8:4  13:11
14th
 8:3
16th
 8:4  13:12
18th
 4:18  7:23
1st
 7:24

**2**

20-40157
 3:5
2004
 8:18,21
 10:18,21
2008
 8:8  13:14
2009
 8:9  13:14
2020
 7:10  10:12
 12:25  15:5

**22nd**
 8:1
**29**
 15:5
**29th**
 7:9  10:12
 14:11

**4**

40
 9:21

**5**

50
 9:21
523
 9:19,24  10:1,
 6  15:9,11,20
5th
 7:23,24

**6**

60
 15:4
6th
 9:13  10:9
 12:25

**7**

70
 4:10,15,19
 6:16

**8**

80
 4:14  6:21

**8th**
 7:23,24

**9**

9019
 5:9

**A**

a.m.
 3:2  14:21,22
 15:24
ability
 10:6
acceptable
 12:2
access
 11:16,17
action
 9:19,25  10:1,
 3  15:13
add
 11:24
addition
 4:21
additional
 13:3,22
Additionally
 13:19
address
 12:25
advance
 10:17
adversary
 9:15  13:17
 14:7
advisement
 14:25

agreement
 11:21
allegations
 13:15
announced
 4:9
anticipate
 15:20
apologize
 9:4
apparently
 9:17  13:2
appearing
 4:5
applications
 4:19
appraisals
 4:21
appraiser
 4:25
approve
 5:21
approximately
 9:21
arguments
 13:25
aspect
 9:9
Asset
 3:21  6:25
attached
 12:1
authority
 13:18
authorization
 9:14
aware

11:10

---

**B**

---

back
  11:14,15
  14:20
Bankatlantic
  8:7
bankruptcy
  7:13,16,18
  9:24 10:9
  12:7
based
  8:16
bases
  8:23
basis
  8:13 15:19
BBX
  3:21 5:6 6:8,
  25 7:11 9:10,
  17,18,23 10:7
  11:12,16,22
  12:1,10 13:2,
  9,12,19,25
  14:1
BBX's
  8:7 9:3,14
began
  3:1
beginning
  7:22
behalf
  3:14,21 4:5
  6:24
belabor
  10:13
belief

11:16
Berger
  3:13,14
Brian
  3:13
Burnett
  4:4,7 6:2,3,4
  12:17,19
business
  4:22 9:12
  11:12
Byron
  3:9

---

**C**

---

Capital
  3:21 6:8,25
  7:11 13:9,12,
  19,25
care
  11:3 12:17
case
  3:5 4:20 5:11
  7:13,17,18
  9:12,24 10:9,
  15,25 11:7
  12:6 13:1
  14:10
cases
  12:7 15:10
challenge
  7:2
challenging
  7:8
Chapter
  3:4 14:14
Charles
  3:17 5:25

checked
  3:23
Christina
  3:20 6:8,24
Christine
  4:5 6:4
circumstances
  12:3
cited
  15:9
clearer
  14:3
CLERK
  3:3,11,15,18,
  22,25 4:3
comments
  12:20
complaint
  10:6,10,23
  13:9,17 15:6
complaints
  8:14
complicated
  7:20
concluded
  15:23,24
conduct
  8:11 13:3
confirmable
  5:3 14:8
confirmed
  8:6
confirming
  13:12
consideration
  15:18
consultant
  5:1

contested
  5:5
continue
  7:15
continuing
  8:11
contrary
  12:9
counsel
  4:8 12:21
  14:24
couple
  4:19,22 14:19
  15:9
Court
  3:3,5 4:7
  5:14,17,21,22
  6:2,6,11,19
  8:25 9:6
  10:4,24 11:1,
  10 12:7,13,
  17,23 14:18,
  23
Courtcall
  3:8
creditor
  6:13 10:1,16
  11:7 15:4
creditors
  5:6 12:5,8
  15:11
crux
  13:9

---

**D**

---

dating
  11:14,15
days

9:21 15:4,21

**deadline**
7:7 8:1
10:10,17
14:11 15:5

**dealings**
9:12

**debtor**
5:8 7:24 8:2,
4,7 9:13,16,
21 10:11
11:12,18,23
13:1,8 14:5
15:14

**debtor's**
4:10,13 5:20
7:2,8,25 8:8,
15 9:11,15
11:8,9,18
12:20,25
13:8,14 14:9
15:2,6

**debts**
7:3,9

**deem**
10:20

**defend**
14:7

**demonstrated**
12:4

**denied**
15:19

**deny**
10:4

**detailed**
7:22

**determine**
8:13 10:11

**diligence**
7:14 8:22

**diligent**
8:12

**discharge**
4:13 7:2,8
8:14,24 10:12
15:2,7,16

**dischargeabilit**
**y**
3:7 4:13
8:15,24 10:11
15:8

**dischargeable**
7:3,9

**discovery**
7:15 13:3,22

**discussed**
8:21

**disputed**
10:8

**docket**
4:10,14,15,18
6:16,21

**document**
8:3 14:1

**documents**
8:1,5 13:12,
20,23 14:2

**due**
4:25 7:14
8:11,22

_____

E

**echo**
12:20

**Edwards**
3:15,16,17

5:23,24,25
12:14,16

**effort**
8:12

**efforts**
7:14 8:22
12:4,8

**employ**
4:20

**engaged**
7:13

**entertain**
10:24

**entities**
5:11 7:19,25
11:13

**entry**
4:19

**estate**
4:21

**evolve**
15:16

**exam**
8:21

**examination**
8:18,19
10:18,21

**exclusivity**
3:6 4:11,16
5:15 6:10
14:13

**excuse**
11:14

**expect**
5:4

**extend**
3:6,7 4:11,12
5:15 6:9,15,

20 7:1

**extension**
5:3 8:2 10:25
12:12,21
14:13,16

_____

F

**fact**
9:18 10:7,17

**facts**
15:12,15

**felt**
10:2

**file**
5:3 9:14,18
10:1,6,10
13:18 15:6

**filed**
4:18,24 7:5
8:17 9:3,13,
22,25 10:23
12:1 13:1,7
14:11 15:14

**filing**
8:14 9:4,12

**final**
8:9

**finally**
14:4

**financial**
11:18 13:14,
20 14:1,2

**financials**
9:11

**find**
6:14

**firm**
11:13,19

focus
  13:21,25

forbearance
  11:20

formulating
  5:8

founded
  11:9 14:9

frankly
  10:22

full
  11:17

_____

          G
_____

gather
  7:14

germane
  15:12

Good
  3:9,12,16,19
  4:4,5,7,8 6:3

grant
  5:15

granted
  6:15,16 12:12
  14:17 15:3,19

_____

          H
_____

hand
  15:15

heard
  11:3,10
  12:15,18

hearing
  4:1 15:22,24

highlight
  9:8

highlights
  9:17

history
  11:11

Honor
  3:12,16 4:6,
  17,23 5:7,11,
  12,24 6:3,7,
  18,24 7:4
  8:20 9:2,5,9,
  20 10:4,13,
  22,24 12:16,
  19 13:4,5
  14:4,15

Honorable
  3:3

_____

          I
_____

important
  9:8

inappropriate
  12:2

inception
  7:13

information
  7:14 11:17,22
  12:11

intend
  14:25

interest
  8:8

interests
  4:22

intricate
  7:20 9:11

investigate
  8:12

investigating

    8:23

involved
  7:19 11:13,19

issue
  9:9 11:4,21
  12:18

issues
  7:16,18

_____

          J
_____

Jason
  4:4 6:4

joint
  5:9

Judge
  5:19 11:5,7,
  15,24 12:3,10

July
  8:3,4 13:11

June
  4:18 7:9,23,
  24 8:1 10:12
  14:11 15:5

_____

          K
_____

kindly
  12:24

knowing
  7:4

knowledge
  9:11 10:8,16,
  19

_____

          L
_____

late
  9:4

latest
  9:10 10:8

Leoni
  3:4,10 4:5
  6:4 12:4

listed
  13:2

LLC
  3:21 6:25

long
  15:1

longstanding
  11:11

_____

          M
_____

MADAM
  3:3,11,15,18,
  22,25 4:3

made
  8:6 13:7,13,
  16,25

make
  13:16 15:1,20

Management
  3:21 6:25

matters
  4:9

merit
  10:3

minutes
  14:20

misrepresentati
ons
  8:6 13:13

morning
  3:9,12,16,19
  4:4,6,7,8
  5:24 6:3

**motion**
3:6 4:10,12,
18 5:9,13,15,
21 6:1,5,9,
14,15,20 7:1,
5,12,21 8:17
9:14 10:5
13:6,10 14:16
15:1,3,18

**multiple**
11:12

---

**N**

---

**needed**
11:22

**negotiations**
11:20

**non-**
**dischargeabilit**
**y**
15:13

**non-filing**
5:10

**normal**
15:10

**Notably**
8:4

**note**
14:4

**number**
3:5 4:14 6:21

---

**O**

---

**oath**
8:11

**object**
3:7 4:12 7:2
8:14,24 10:11

**objecting**
7:7 15:6

**objection**
6:1 8:16 9:4,
13,22 15:2

**objections**
4:23 6:12
14:5 15:16

**obtained**
5:7

**occurred**
15:14

**offer**
12:3

**one-**
9:6

**OPERATOR**
3:24

**oppose**
6:5 12:21

**opposed**
5:4

**order**
6:17 8:12

**original**
15:5

---

**P**

---

**P-A-R-A-D-O-W-**
**S-K-I**
3:20

**papers**
7:5

**Paradowski**
3:18,19,20
6:6,7,8,22,
23,24 12:23
13:4

**part**
15:3,12

**perform**
4:20

**period**
3:6 5:16
14:13

**personal**
13:14

**pertaining**
15:15

**petition**
15:15

**philosophy**
15:10

**picture**
13:21,24

**pieces**
13:20

**plan**
5:3,8 14:8,14

**pleading**
13:1

**pleadings**
9:7

**plenty**
9:25

**point**
10:13 12:25

**posed**
13:6

**position**
6:9 8:15
10:14 11:8
14:3,9

**post-petition**
15:17

**potential**
8:23

**potentially**
5:6

**predecessor**
8:8

**prejudice**
14:6

**present**
3:25

**previously**
11:11

**primarily**
8:16

**prior**
9:12 15:10

**proceed**
5:8

**proceeding**
9:15 14:7

**proceedings**
3:1

**produced**
8:5

**professionals**
4:20

**propose**
14:14

**proposed**
7:25 13:16

**proposing**
5:9 14:8

**propriety**
8:13

**provide**
8:3

**provided**

11:23

**pursuant**
13:10

**puzzle**
13:21

———————

**Q**

———————

**question**
13:5

———————

**R**

———————

**R-I-C-H**
3:13

**read**
7:4 9:7

**real**
4:21

**reasonable**
11:9

**reasons**
5:12 14:15

**received**
13:12

**recess**
14:21

**record**
9:23 12:5,6

**reference**
11:25

**regard**
7:16 13:5,6

**regurgitate**
7:6

**relate**
13:7

**related**
5:10 7:25

**reply**
7:11,21 8:20
9:3,17 11:9
12:1 13:11

**representation**
11:14

**request**
5:14,20 10:4,
24

**requested**
8:2

**requesting**
5:2

**requests**
7:22

**respect**
10:5 15:8

**response**
4:2 9:3,6

**returned**
8:2

**review**
7:15

**reviewed**
5:14

**Rich**
3:11,12,13
5:18,19 11:3,
5 12:21

**Rule**
8:18

**ruling**
15:1,21

———————

**S**

———————

**Scheduled**
3:8

**Section**
9:18,24 10:1,
6

**seeking**
13:10,17

**session**
3:4

**set**
9:16,22

**settle**
12:5,8

**show**
12:6

**shows**
10:19 12:7

**similar**
10:15

**simple**
10:7

**simply**
7:6 10:14

**Singerman**
3:13,14

**situation**
11:18 15:12

**specifically**
5:5 13:6

**spouse**
5:10 13:8

**standpoint**
11:22

**starting**
13:24

**stated**
5:13 7:11
8:20 13:11
14:5

**statement**
8:10 11:25
12:10 13:15

**statements**
8:9

**States**
3:17

**Steven**
3:4,10

**submit**
6:16

**sufficient**
10:16

**summarize**
7:7

**support**
5:19 6:13
7:12,21 9:18
11:8

**surprised**
10:22

———————

**T**

———————

**Tatelbaum**
3:22

**ten**
11:15 15:21

**testimony**
12:9

**time**
3:7 4:12 6:21
7:1 9:25
11:19 15:1

**timeline**
7:22

**timelines**
4:25

**timely**
  10:23

**transactions**
  7:18

**transfers**
  9:16,23 13:2,
  7

**Trustee**
  3:17 5:25
  12:14

**Tumbleson**
  10:15

**turn**
  6:20

**two-page**
  9:6

---

### U

**unattached**
  12:9

**undertaken**
  13:23

**United**
  3:17

---

### V

**valuation**
  4:22 5:1

**values**
  5:5,7

**verbal**
  6:12

**versus**
  8:23

**view**
  8:5 9:8 10:18

---

### W

**wanted**
  10:2

**week**
  15:21

**wife**
  9:15

**wishes**
  13:2

**Wright**
  3:8,9 4:16,17
  6:16,18 9:1,2

**written**
  6:12

---

### Y

**years**
  11:16 12:11

**Yesterday**
  9:3

## ASSIGNMENT OF ASSIGNEE INTEREST

The undersigned, Steven M. Leoni, hereby assigns, transfers and conveys to Leoni Holdings, LLLP, a Florida limited liability limited partnership, an assignee interest in his 1% membership interest in Westwood Plaza, LLC, a Florida limited liability company.

Dated this __7th__ day of January, 2008.

_____
Steven M. Leoni

## CONSENT TO ASSIGNMENT

The undersigned, constituting the remaining member of Westwood Plaza, LLC, a Florida limited liability company, hereby consents to the assignment by Steven M. Leoni to Leoni Holdings, LLLP, a Florida limited liability limited partnership, of an assignee interest in his 1% membership interest in Westwood Plaza, LLC, a Florida limited liability company. The undersigned further consents to Leoni Holdings, LLLP, a Florida limited liability limited partnership, becoming a substituted member of Westwood Plaza, LLC, a Florida limited liability company.

Dated this __7th__ day of January, 2008.

_____
Steven M. Leoni, Co-Manager
Westwood Manager, LLC
A Florida limited liability company

_____
James M. Rudnick, Co-Manager
Westwood Manager, LLC
A Florida limited liability company

C. Leoni 000858

EXHIBIT B

## ASSIGNMENT OF ASSIGNEE INTEREST

The undersigned, Steven M. Leoni, hereby assigns, transfers and conveys to Leoni Holdings, LLLP, a Florida limited liability limited partnership, an assignee interest in his 33 1/3% membership interest in Westwood Manager, LLC, a Florida limited liability company.

Dated this _7th_ day of January, 2008.

_____
Steven M. Leoni

## CONSENT TO ASSIGNMENT

The undersigned, constituting the remaining members of Westwood Manager, LLC, a Florida limited liability company, hereby consent to the assignment by Steven M. Leoni to Leoni Holdings, LLLP, a Florida limited liability limited partnership, of an assignee interest in his 33 1/3% membership interest in Westwood Manager, LLC, a Florida limited liability company. The undersigned further consent to Leoni Holdings, LLLP, a Florida limited liability limited partnership, becoming a substituted member of Westwood Manager, LLC, a Florida limited liability company.

Dated this _7th_ day of January, 2008.

_____
Peter S. Rosen

_____
James M. Rudnick

C. Leoni 000859