UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

IN RE:

STEVEN M. LEONI,  　　　　　　　　　　CASE NO. 20-40157-KKS
　　　　　　　　　　　　　　　　　　　CHAPTER 11

　　　Debtor.
_____/

**NOTICE OF SERVICE OF SUBPOENA PURSUANT TO RULE 2004**

PLEASE TAKE NOTICE that pursuant to Bankruptcy Rule of Procedure 2004, Federal Rule of Civil Procedure 45 (made applicable by Federal Bankruptcy Rule 9016), on behalf of the Debtor, Steven M. Leoni, the undersigned attorney has issued the attached subpoena to produce documents on BBX Capital Asset Management, LLC in care of its attorney.

Dated: August 20, 2020　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　**Bruner Wright, P.A.**
　　　　　　　　　　　　　　　　　　　*Counsel for the Debtor-In-Possession*
　　　　　　　　　　　　　　　　　　　2810 Remington Green Circle
　　　　　　　　　　　　　　　　　　　Tallahassee, FL 32308
　　　　　　　　　　　　　　　　　　　Office: (850) 385-0342
　　　　　　　　　　　　　　　　　　　Fax: (850) 270-2441

　　　　　　　　　　　　By:　　*/s/ Byron Wright III*
　　　　　　　　　　　　　　　　Robert C. Bruner
　　　　　　　　　　　　　　　　Florida Bar No. 0065876
　　　　　　　　　　　　　　　　rbruner@brunerwright.com
　　　　　　　　　　　　　　　　Byron Wright III
　　　　　　　　　　　　　　　　Florida Bar No. 118971
　　　　　　　　　　　　　　　　twright@brunerwright.com

# CERTIFICATE OF SERVICE

I, Byron Wright III, hereby certify that a true and accurate copy of the above document was served on the following in the manner stated below:

**Served by the Court via Notice of Electronic Filing (NEF):** I have confirmed that the foregoing document was served by the Court via NEF on August 20, 2020 to the following persons at the email addresses noted herein:

Keith L. Bell, Jr. on behalf of Creditor Centennial Bank
kbell@clarkpartington.com,
egordon@clarkpartington.com;hrice@clarkpartington.com;ldunlap@clarkpartington.com

Jason B. Burnett on behalf of Interested Party Christine S Leoni
jason.burnett@gray-robinson.com, ken.jacobs@gray-robinson.com;kim.miller@gray-robinson.com

Charles F. Edwards on behalf of U.S. Trustee United States Trustee
charles.edwards@usdoj.gov

Travis Michael Morock on behalf of Creditor Beach Community Bank
morock@carverdarden.com, juszczyk@carverdarden.com

Christina V. Paradowski on behalf of Creditor BBX Capital Asset Management, LLC
cvp@trippscott.com, bankruptcy@trippscott.com;hbb@trippscott.com

Edward J. Peterson, III on behalf of Interested Party James Rudnick
epeterson.ecf@srbp.com, epeterson@srbp.com

Brian G. Rich on behalf of Creditor Berger Singerman LLP
brich@bergersingerman.com,
efile@bergersingerman.com;rperez@bergersingerman.com;efile@ecf.inforuptcy.com

Robert Sterling Rushing on behalf of Creditor Beach Community Bank
rushing@carverdarden.com,
juszczyk@carverdarden.com;morock@carverdarden.com

Jerry D. Tamayo on behalf of Creditor BBX Capital Asset Management, LLC
jdt@trippscott.com, hbb@trippscott.com;eservice@trippscott.com

Charles M. Tatelbaum on behalf of Creditor BBX Capital Asset Management, LLC
cmt@trippscott.com, hbb@trippscott.com;eservice@trippscott.com

United States Trustee
USTPRegion21.TL.ECF@usdoj.gov

Date: August 20, 2020                    */s/ Byron Wright III*
                                          Byron Wright III

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT
_____Northern_____ District of _____Florida_____

In re _Steven M. Leoni_
           Debtor

*(Complete if issued in an adversary proceeding)*

_____
          Plaintiff
              v.
_____
          Defendant

Case No. ____20-40157____

Chapter ____11____

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _BBX Capital Asset Management, LLC (c/o Charles Tatelbaum, Esq. via email at cmt@trippscott.com)_
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| Bruner Wright, P.A., 2810 Remington Green Circle, Tallahassee, Florida 32308 | 09/03/20          5:00 pm |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|   |   |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____         _____
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* _Steven M. Leoni_, who issues or requests this subpoena, are:
Byron "Trey" Wright III, 2810 Remington Green Circle, Tallahassee, FL 32308 twright@brunerwright.com 850-385-0342

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 20-40157-KKS    Doc 109    Filed 08/20/20    Page 4 of 10

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____  .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

Case 20-40157-KKS    Doc 109    Filed 08/20/20    Page 5 of 10

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**EXHIBIT A**
BBX Capital Asset Management, LLC

**DEFINITIONS AND INSTRUCTIONS**

  A. The term "Document" means any written or graphic matter or other means of preserving thought or expression, including but not limited to, all information stored or located on computer hardware or software., all "ESI" as defined below, and all prior drafts and copies of any such document (unless such copy is identical in every aspect with the original or copy thereof produced), and all tangible things from which information can be processed or transcribed. "Document" includes, but is not limited to any Communication, correspondence, memoranda, notices, messages, letters, facsimile, email, text message, instant message, bulletins, notice of meetings, chronological data, calendar entries, notes or minutes of meetings and conferences, books, reports, charts, ledgers, projections, worksheets, invoices, receipts, returns, affidavits, contracts, canceled checks, statistics, statistical surveys, magazine or newspaper articles, releases and any and all drafts, alterations, or modifications of the foregoing. Also included as "documents" are graphic or aural records or representations, tapes, cassettes, discs, drives, audio files, data files of any kind, and other information which is stored or processed by means of data processing equipment and which can be retrieved in printed or graphic form.

  B. The term "ESI" means electronically stored information, which has the same meaning as in Federal Rule of Civil Procedure 34(a) and includes emails, word processing documents, spreadsheets, presentations, databases, images, movies, audio files, voicemails, text messages, and any other information store on any server, computer, laptop, tablet, cell phone, smartphone, external hard drive, USB drive, CD, DVD, back up drive or in any remote or "cloud"- based system or location. ESI includes, without limitation, all

1

of the following file types: *.jpg, *.tif, *.gif, *.mov, *.mpg, *.mpeg, *.wmv, *.avi, *.wav, *.mp3, *.doc, *.docx, *.wpd, *.xls, *.xlsx, *.ppt, *.pptx, *.mdb and *.pdf. ESI also includes social media data, including information stored by you or communicated by you through social media accounts including, without limitation, Facebook, Twitter, Instagram, LindkedIn, skype and blogs.

      C.     "Communication" means any transmission or exchange of information between two or more persons, orally or in writing, and includes, without limitation, any conversation or discussion, whether face-to-face or by means of any telephone, telegraph, telecopier, electronic or other media.

      F.     This request for production of documents is intended to obtain information not merely within Your possession, but reasonably obtainable by you including, but not limited to, information in possession of your attorney, employees, investigators, insurance carriers and their representatives.

      G.     Each request for a document or documents contemplates production thereof in full without abbreviation or expurgation, and calls for production of all copies that have notes or other written material or markings not appearing on other copies.

      H.     "Debtor," "Leoni" and "Steven M. Leoni" shall mean the Debtor, Steven M. Leoni.

      I.     "You," "Your," "Yourself," "BBX," shall mean BBX Capital Asset Management, LLC and all of its officers, directors, agents, attorneys, representatives, employees, predecessors (including Bank Atlantic), or successors in interest and/or anyone acting on behalf of any of those individuals or entities.

J.      "Possession," "custody," and / or "control," shall mean any Document held by or reasonably available to you or any of your representatives, however designated, including your attorneys.

K.      The term "person" or "persons" shall include, but not be limited to, natural persons, labor organizations, partnerships, associations, corporations, legal representatives, trustees, trustees in bankruptcy, receivers, organizations, business entities, or any form of business, governmental, public, or charitable entity.

L.      "Relating to," "relate to," "regarding" and "concerning" shall be construed in their broadest sense and shall mean directly or indirectly describing, setting forth discussing, mentioning, commenting upon, supporting, contradicting, or referring to the subject or topic in question, either in whole or in part.

M.      "Petition Date" means the date that the Debtor filed his Chapter 11 Voluntary Petition, April 3, 2020.

N.      "Minardi" means Dean Minardi, the individual referred to in BBX Capital's Reply to Debtor-In-Possession's Objection to Motion to Extend Time to Object to Debtor's Discharge or to Challenge Whether Certain Debts are Dischargeable (the "Reply," Doc. 91).

**INSTRUCTIONS**

1.      You are required to answer each Request separately, fully, and in writing in accordance with the Federal Rules of Civil Procedure.

2.      The documents produced for inspection shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the Requests set forth below.

3. In accordance with Federal Rule of Civil Procedure 34, electronically stored informed shall be produced "in a form or forms in which they are ordinarily maintained or in a reasonably usable form or forms."

4. You shall produce all responsive documents that are in your possession, custody, or control.

5. All documents are to be produced, including the drafts thereof, in their entirety, without redaction or expurgation of any kind or nature. In the event that any information is redacted from a document produced pursuant to this document request, identify where the redaction has been made by stamping or writing the word "Redacted" in the location where the information has been deleted and separately log each redaction on the privilege log.

6. In the even that any document(s) responsive to any of the Requests is no longer in your possession, custody, or control, or in existence, state where it is (1) missing or lost; (2) destroyed; (3) transferred voluntarily or involuntarily to others, and if so, to whom; or (4) otherwise disposed of. In each instance, explain the circumstances surrounding destruction or disposal of each document and state the approximate date thereof.

7. If you cannot comply in full with any Request, comply to the extent possible and explain why full compliance is not possible.

## DOCUMENTS TO BE PRODUCED

1. The witness statement under oath of Minardi that is referenced in the Reply (Doc. 91).

2. All communications between BBX and Minardi from the Petition Date through August 20, 2020.

3. All documents related to the "witness statement under oath" of Minardi as referenced in the Reply (Doc. 91), including but not limited to prior drafts.

4. All documents provided by Minardi to BBX or vice versa relating to the financial condition of Steven Leoni.