**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

IN RE:

STEVEN M. LEONI,                                        CASE NO. 20-40157-KKS
                                                        CHAPTER 11

      Debtor.
_____/

**DEBTOR-IN-POSSESSION'S OBJECTION TO BBX CAPITAL ASSET**
**MANAGEMENT, LLC'S AMENDED MOTION FOR RECONSIDERATION OF**
**ORDER GRANTING, IN PART, AND DENYING, IN PART, BBX CAPITAL'S**
**MOTION TO EXTEND TIME TO OBJECT TO DEBTOR'S DISCHARGE OR**
**TO CHALLENGE WHETHER CERTAIN DEBTS ARE DISCHARGEABLE**
**(Doc. 106)**

Steven M. Leoni ("Debtor"), files this Objection to BBX Capital Asset
Management, LLC's ("BBX") Amended Motion for Reconsideration of Order Granting,
In Part, and Denying, In Part, BBX Capital's Motion to Extend Time to Object to Debtor's
Discharge or to Challenge Whether Certain Debts are Dischargeable (the "Motion to
Extend Time," Doc. 106), and in support states as follows:

**Background**

1.      The Debtor filed the instant Chapter 11 case on April 3, 2020 (the "Petition
Date").

2.      Five days after the Petition Date, BBX filed a Motion for Authorization to
Maintain and Prosecute Adversary Proceedings to Avoid Fraudulent Transfers (the
"Motion for Authorization," Doc. 17).  Attached to the Motion for Authorization is a
proposed complaint setting forth alleged transfers made by the Debtor within the past 12
years prepetition.

3.      It is undisputed that BBX has had intimate knowledge of the Debtor's financial affairs for well over a decade. The state court litigation between BBX and the Debtor and others commenced in 2013, and BBX's lending relationship with the Debtor and related entities started in 2003.

4.      On May 6, 2020, the Debtor filed his Objection to BBX's Motion for Authorization to Maintain and Prosecute Adversary Proceedings to Avoid Fraudulent Transfers ("Motion for Authorization," Doc. 53).  In that objection, the Debtor set forth the dates on which either he or his trust transferred the ownership interests in six entities outlined in BBX's proposed complaint attached to their Motion for Authorization (Doc. 53).

5.      Despite having countless personal financial statements from the Debtor from years past at its disposal, and undisputed knowledge of prepetition transfers made by the Debtor, BBX did not exercise diligence prior to the June 29, 2020 deadline to object to discharge or dischargeability ("Discharge Deadline"), and it failed to file an adversary complaint.[1]

6.      Instead, BBX filed the Motion to Extend Time, to which the Debtor filed an objection.

7.      On August 11, 2020 the Court entered the Order Granting, In Part, and Denying, In Part, BBX Capital's Motion to Extend Time (the "Order," Doc. 100).

8.      BBX filed the instant Motion on August 20, 2020.

9.      BBX, via several faulty and borderline frivolous arguments, now asserts that this Court should reconsider and vacate the Order.

---

[1] The Court extended the time for BBX to object to the Debtor's discharge pursuant to Section 727 to August 28, 2020.  BBX did not file a complaint objecting to the Debtor's discharge.

## **Memorandum of Law**

10.     "Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances." *Van Skiver v. U.S.*, 952 F.2d 1241, 1243 (10th Cir. 1991).

11.     "A significantly higher standard is generally used to decide whether a movant is entitled to relief under Rule 60(b)." *Baumann v. Prober & Raphael*, 2018 WL 83445410, at *3 (S.D. Fla. Oct. 31, 2018) (quoting *Vanderberg v. Donaldson*, 259 F.3d 1321, 1326 (11th Cir. 2001)).

12.     The Eleventh Circuit has held that "a Rule 60(b)(6) movant must persuade [the court] that the circumstances are sufficiently extraordinary to warrant relief." *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307 (11th Cir. 2000).

### I.     <u>No Evidence was Proffered at the July 23, 2020 Hearing</u>

13.     The first argument BBX raises in its Motion is almost beyond comprehension. BBX argues that the Order is void because "the Court took evidence by proffer at a non-evidentiary hearing . . ." Motion, p. 4.

14.     This argument is a futile attempt to undermine the Order, and the argument should be stricken. Nowhere in the transcript of the July 23, 2020 hearing (the "Hearing") does counsel for Berger Singerman make a Court-accepted proffer of evidence.  If that was a proffer, then every argument made by lawyers at every legal proceeding must be considered a "proffer."

15.     In addition, nothing stated by Berger Singerman at the Hearing was "new" to the case. In the Debtor's Objection to the Motion to Extend Time and in his Response to BBX's reply (Doc. 93), the Debtor argued that BBX already possessed knowledge with

which it could have filed a Section 523 action well before the deadline in this case due to the significant business relationship between the parties, and that BBX had a longstanding prepetition relationship with the Debtor. (Doc. 53). It is also undisputed that the state court litigation between the parties spanned over six years.

16.    Further, the Order makes it clear that the longstanding history between BBX and the Debtor was not the only reason the Motion to Extend Time was due to be denied. Indeed, the Order states that "[a] creditor's diligence, the fourth factor, is deemed the most significant element of the test; a lack of diligence alone can preclude approval of an extension." Order, at p. 5.

17.    At no time in the Hearing did the Court accept a proffer or entertain the admission of evidence.  Any argument to the contrary in this instance is offensive to the Court and the other litigants. BBX's due process rights were not violated – it simply doesn't like the Court's ruling.

## II.    The identity of the Recipient of the Transfer(s) is Immaterial

18.    Woven into the far-fetched argument that its due process rights were violated is BBX's equally irrelevant assertion that because BBX did not know the recipient of the transfers, it could not have filed a Section 523 action prior to the deadline.

19.    BBX argues that it received "critical" evidence supporting its Section 523 claim when counsel for the Debtor's wife sent assignments of the Debtor's ownership interest in two entities the day before the Hearing.

20.    However, BBX does not explain *why* it was "unable" to file a complaint under Section 523 due to it not knowing who the recipient of a particular transfer was.[2]

---

[2] BBX seems to concede it did have knowledge of certain transferees/recipients of the alleged fraudulent transfers.

4

21.    The Debtor submits that BBX did not explain this in its Motion because it simply cannot do so, and its argument is a red herring. The elements of a Section 523(a)(2)(B) cause of action, which is clearly the Section 523 action BBX believes it could have (or should have) brought, do not require proving the identity of a transferee of property. **BBX admits to having the Debtor's financial statements in its possession, and it does not dispute that it knew of the alleged transfers.**

22.    BBX also argues that on Monday July 27, 2020, counsel for the Debtor emailed assignments of the Debtor's interests in at least three entities that took place over twelve (12) years ago. The simple reason for that is that **BBX did not request those assignments until that same day, July 27, 2020.**

23.    Nowhere in BBX's Motion does it assert that it either 1) was not in possession of the Debtor's 2009 Financial Statement; or 2) that it did not have knowledge of several other transfers as indicated in BBX's Proposed Complaint filed five days post-petition.

24.    BBX also argues in the alternative that Rule 60(b)(2) should be utilized by the Court to reconsider the Order. However, the "last-minute" discovery that BBX complains of had no impact on BBX's ability to file a Section 523 action, and Fed. R. Civ. P. 60(b)(2) should not be utilized in this case as a basis to reconsider the Order.

25.    "A motion for a new trial under Rule 60(b)(2) is an extraordinary motion and the requirements of the rule must be strictly met." *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir. 2000).  "To warrant relief under Rule 60(b)(2): (1) the evidence must be newly discovered since the trial; (2) due diligence on the part of the movant to discover the new evidence must be shown; (3) the evidence must not be merely

cumulative or impeaching; (4) the evidence must be material; and (5) the evidence must be such that a new trial would probably produce a new result." *Hunt v. Nationstar Mortgage, LLC*, 782 Fed. Appx. 762, 767 (11th Cir. 2019) (citing *Waddell v. Hendry Cty. Sherriff's Office*, 329 F.3d 1300, 1309 (11th Cir. 2003).

26.     At minimum, elements numbered 2, 4, and 5 have not been satisfied. As explained throughout this Objection, the "new" evidence is completely immaterial.

27.     Likewise, relief under Rule 60(b)(6) should not be considered either.  "Rule 60(b)(6) has been described . . . as a 'grand reservoir of equitable power to do justice in a particular case.'" *Van Skiver v. U.S.*, 952 F.2d 1241, 1244 (10th Cir. 1991).

28.     BBX and its bankruptcy counsel, who is the same law firm that represented BBX in the state court litigation against the Debtor, have had sufficient facts all along to file a Section 523 action. Their decision not to file timely is not something the Debtor should be penalized for.

29.     As stated by the Court in the Order: "BBX has long had opportunity to discovery the basis for any Section 523 claim; especially one that originated in 2008." *Id*. at 10.

### III.     BBX is using this Motion improperly as a vehicle to advance new arguments.

30.     In addition to being irrelevant, BBX's arguments that it didn't know the "recipient" of certain transfers are new arguments that cannot be considered at this juncture.  A motion for reconsideration "is an inappropriate vehicle for raising arguments which could have been raised before judgment was entered." *Licea v. Curacao Drydock Company, Inc.*, 2011 WL 1317476 (S.D. Fla. Nov. 17, 2011) (citing *Sokol Cyrstal Products, Inc. v. D.S.C. Communications Corp.*, 15 F.3d 1427, 1434 (7th Cir. 1994).

6

31.     The entire basis for BBX's argument that it was denied due process is that it could not put on evidence that it did not know the identity of recipients of certain transfers.  Not only did BBX already know the transferees of certain transfers, BBX failed to advance this new (albeit wholly irrelevant) argument prior to their Motion.

32.     Any new arguments should not be entertained by this Court.

## Conclusion

33.     "BBX claims that it does not currently have sufficient facts to file a complaint under § 523 but offers no explanation as to why it did not discover such facts before Debtor filed bankruptcy, or between the petition date and filing the Motion to Extend." Order, p. 8.  This is because there is no explanation – BBX already knew of the alleged transfers and had the allegedly false or incorrect financial statements in their possession.

34.     Nothing in BBX's Motion changes the undisputed facts. BBX knew of the alleged fraudulent transfers well in advance of the Discharge Deadline. BBX was in possession of several of the Debtor's personal financial statements BBX failed to exercise diligence in obtaining additional information, even though none was actually needed.

35.     The allegation that this Court accepted a proffer of evidence, when in fact that did not occur, makes it clear that BBX will go to extreme lengths to drag on these proceedings unnecessarily.

36.     There was no new material evidence produced to BBX shortly before or after the hearing that would change any of the Order's substance. In fact, BBX's Motion only solidifies the fact that it had everything it needed should it have wished to file a Section 523 action prior to the Discharge Deadline.

37.     It is clear that there are no extraordinary circumstances present that justify granting relief under Rule 60(b). The Debtor respectfully requests that the Court deny BBX's Motion.

WHEREFORE, the Debtor respectfully requests that the Court enter an order denying BBX's Motion, and awarding any other relief to the Debtor that the Court deems just and proper (Doc. 106).

Dated: September 2, 2020                     Respectfully submitted,

**Bruner Wright, P.A.**
*Counsel for the Debtor-In-Possession*
2810 Remington Green Circle
Tallahassee, FL 32308
Office: (850) 385-0342
Fax: (850) 270-2441

By:      */s/ Byron Wright III*
Robert C. Bruner
Florida Bar No. 0065876
rbruner@brunerwright.com
Byron Wright III
Florida Bar No. 118971
twright@brunerwright.com

## CERTIFICATE OF SERVICE

I, Byron Wright III, hereby certify that a true and accurate copy of the above document was served on the following in the manner stated below:

 **Served by the Court via Notice of Electronic Filing (NEF):**  I have confirmed that the foregoing document was served by the Court via NEF on September 2, 2020 to the following persons at the email addresses noted herein:

Keith L. Bell, Jr. on behalf of Creditor Centennial Bank
kbell@clarkpartington.com, egordon@clarkpartington.com; hrice@clarkpartington.com;
ldunlap@clarkpartington.com

Russell B. Buchanan on behalf of Other Professional Jennifer Pearce
rbuchanan@bakerdonelson.com,
asberry@bakerdonelson.com;lterry@bakerdonelson.com

Jason B. Burnett on behalf of Interested Party Christine S Leoni
jason.burnett@gray-robinson.com, ken.jacobs@gray-robinson.com;kim.miller@gray-robinson.com
Sherry F. Chancellor on behalf of Creditor The Bankruptcy Estate of James Rudnick
sherry.chancellor@yahoo.com, dandwh@aol.com

Charles F. Edwards on behalf of U.S. Trustee United States Trustee
charles.edwards@usdoj.gov

Travis Michael Morock on behalf of Creditor Beach Community Bank
morock@carverdarden.com, juszczyk@carverdarden.com

Christina V. Paradowski on behalf of Creditor BBX Capital Asset Management, LLC
cvp@trippscott.com, bankruptcy@trippscott.com;hbb@trippscott.com

Edward J. Peterson, III on behalf of Interested Party James Rudnick
epeterson.ecf@srbp.com, epeterson@srbp.com

Brian G. Rich on behalf of Creditor Berger Singerman LLP
brich@bergersingerman.com, efile@bergersingerman.com;
rperez@bergersingerman.com; efile@ecf.inforuptcy.com

Robert Sterling Rushing on behalf of Creditor Beach Community Bank
rushing@carverdarden.com, juszczyk@carverdarden.com; morock@carverdarden.com

Jerry D. Tamayo on behalf of Creditor BBX Capital Asset Management, LLC
jdt@trippscott.com, hbb@trippscott.com;eservice@trippscott.com

Charles M. Tatelbaum on behalf of Creditor BBX Capital Asset Management, LLC

cmt@trippscott.com, hbb@trippscott.com;eservice@trippscott.com

United States Trustee
USTPRegion21.TL.ECF@usdoj.gov

Date: September 2, 2020                          */s/ Byron Wright III*
                                                 Byron Wright III